By the Court,
Wood, J.
Do tbo facts set forth in the notice annexed to the defendants’ plea bar the plaintiff’s action? Section •6 of the act referred to in the notice, 29 Ohio L. 350, provides that all proprietors of lots or grounds in any city or town corporate in this state, who have subdivided or laid out, or who shall subdivide and lay out the same in lots for sale, shall cause accurate and true ■maps or plats thereof to be made and recorded in the 'office of the recorder, in the county in which such town or city may be situated, etc.; and section 7 enacts, that if such proprietor shall sell any lot in any plan or subdivision of, or addition to, the lots originally laid out in said town, before a map of such subdivision or .addition shall have been so recorded, he shall forfeit and pay to the state for the "use of such town, the sum of fifty dollars, with ■costs for each lot sold, etc. It is argued for the defendants that the plaintiff can not recover upon this covenant, because it violates the act referred to, which is a penal statute. A question in strict *202 analogy with this has been decided in England, which seems to the court to settle the present case. By the 29 George III, 68, it is enacted that every person who shall deal in tobacco, shall, before he shall deal therein, take out a license, and renew the same annually, under a penalty of fifty pounds. Suit was brought to recover the value of certain tobacco sold by the plaintiff, who had no license. The defense was that his want of license vitiated the contract of purchase, but the court held, that inasmuch as the statute did not declare a sale made under such circumstances illegal, the-sale, at most, was a violation of a mere revenue regulation, ^protected by a specific penalty, and the plaintiff had judgment. 11 East, 180, 299. We think the facts set up in this case do-not bar the plaintiff’s action. Judgment for the plaintiff.