### McCULLOUGH TRANSFER CO.
v.
### VIRGINIA SURETY CO., Inc.
### No. 11929.

United States Court of Appeals
Sixth Circuit.
May 27, 1954.

Charles J. Cole, Toledo, Ohio, for appellant.

Roger H. Smith, Toledo, Ohio, for appellee.

Before SIMONS, Chief Judge, MILLER, Circuit Judge, and FORD, District Judge.

MILLER, Circuit Judge.

Appellee, Virginia Surety Company, brought this action to recover from the appellant, McCullough Transfer Company, insurance premiums totalling $31,254.99, which it claimed were due and owing by the appellant under a Retrospective Premium Endorsement, forming part of a policy of motor vehicle liability insurance issued to the appellant.

Upon issuance of the policy by appellee on September 19, 1949, appellant paid $22,000 as a premium deposit and by the terms of the Retrospective Premium Endorsement, retrospective adjustments were to be made at the end of successive 6-month periods as long as the policy should remain in effect. The policy was cancelled on February 4, 1951. The complaint alleged that while the policy was in effect the premiums due by reason of the retrospective premium endorsement totalled $53,254.99, which, credited with the payment of $22,000, left an unpaid balance of $31,254.99, which the appellant refused to pay.

The appellant claimed that the retrospective endorsement was not filed with or approved by the Superintendent of State Insurance of Ohio, as required by the Ohio statute, and was therefore illegal, against public policy, and void. In a pre-trial conference, appellee admitted that it had not complied with the Ohio statute, whereupon appellant moved for summary judgment. The District Judge overruled appellant's motion for summary judgment and entered judgment for the appellee in the amount prayed for. The printed appendix does not contain any motion by the appellee for summary judgment in its favor, or admissions by the appellant with respect to certain factual issues raised by its answer, or the agreements reached in the pre-trial conference, but the judgment refers to certain admissions, and appellee's brief states that as a result of the pretrial conference it was agreed that the sole issue in the case was the legality of the Retrospective Premium Endorsement, and that the case would be disposed of on appellant's motion for summary judgment. Such an agreement should properly be reduced to writing, made a part of the record, and be included in the printed appendix to counsel's brief, but since the case has been practiced upon the basis of such an agreement, it will be likewise considered on this review. Rule 61, Rules of Civil Procedure, 28 U.S.C.A.

Sections 9592–21(a) and (h) of the Ohio General Code provide as follows:

"(a) Every insurer shall file with the superintendent every manual of classifications, rules and rates, every rating plan and every modification of any of the foregoing which it proposes to use.

\* \* \* \* \* \*

"(h) On and after January 1, 1948, no insurer shall make or is-

sue a contract or policy except in accordance with filings which are in effect for said insurer as provided in this act * * *."

Section 9592–33 provides:

"Any person or organization, who wilfully violates any provision of this act, shall be deemed guilty of a misdemeanor and shall upon conviction thereof, be punished by a fine not to exceed $500.00 for each such violation. The superintendent may suspend the license of any rating organization or insurer which fails to comply with an order of the superintendent within the time limited by such order, or any extension thereof which the superintendent may grant. * * *

"No penalty shall be imposed and no license shall be suspended or revoked except upon a written order of the superintendent, stating his findings, made after a hearing held upon not less than ten days' written notice to such person or organization specifying the alleged violation."

Section 9592–35 provides:

"This act shall be liberally interpreted to the end that insurance rates shall not be excessive, inadequate or unfairly discriminatory, and cooperative action among insurers in rate making and in other matters within the scope of this act shall be authorized and regulated. * * *"

Appellant relies upon the specific wording of Section 9592–21(h), which it contends makes illegal any contract of insurance issued by an insurance company which has not complied with the filing requirements of Section 9592–21(a), which appellee admits it had not done.

■ It is agreed between the parties that the business of insurance is affected with a public interest and subject to regulation by the State. But we do not agree with appellant's contention that it necessarily follows that a failure to comply with the provisions of a regulatory statute relating to insurance renders null and void a policy of insurance freely entered into by the parties. In order to determine whether a contract made contrary to a penal statute is illegal and void, the statute must be considered as a whole to ascertain whether it was the intention of the Legislature that the statute have such effect. Warren People's Market Co. v. Corbett & Sons, 114 Ohio St. 126, 132, 151 N.E. 51.

There is no express provision in the foregoing sections of the Ohio General Code which states that a failure to comply with any of the provisions contained therein renders an insurance contract void. If such was the intent of the Legislature it could easily have said so in express words. On the contrary, the statute provides a $500.00 fine for a wilful violation of the Act and that the license of any insurer who fails to comply with an order of the superintendent may be suspended. The provisions of Section 9592–35 calling for a liberal interpretation of the Act, and the provisions of Section 9592–33 dealing with the procedure by which the license of an insurer may be suspended indicate regulation of the insurance business rather than prohibition against engaging in such business. In our opinion, a consideration of the several provisions of the Code results in the conclusion that it was the purpose of the Legislature to regulate the insurance business by the imposition of a penalty rather than by declaring illegal and void such contracts of insurance as might be issued while the insurer was not in compliance with the provisions of the statute. This conclusion is in accord with the rulings of the Ohio Supreme Court in Warren People's Market Co. v. Corbett & Sons, supra, and Commercial Credit Co. v. Schreyer, 120 Ohio St. 568, 166 N.E. 808, 63 A.L.R. 674; which we consider controlling on the issue. See also Strong v. Darling, 9 Ohio 201; Union Mutual Life Ins. Co. v. McMillen, 24 Ohio St. 67; Manhattan Ins. Co. v. Ellis, 32 Ohio St. 388.

■■ Nor do we consider the contract as void as against public policy. A contract is not void as against public policy unless it is injurious to the public or contravenes some established interest of society. Gugle v. Loeser, 143 Ohio St. 362, 367, 55 N.E.2d 580. The insurance contract involved in this case, under which appellant has had the benefit of full performance by the appellee, is clearly not of that nature. Warren People's Market Co. v. Corbett & Sons, supra, 114 Ohio St. at pages 138, 142, 151 N.E. at pages 54, 55; Twin City Pipe Line Co. v. Harding Glass Co., 283 U.S. 353, 51 S.Ct. 476, 75 L.Ed. 1112.

The judgment of the District Court is affirmed.