GREENVILLE LAW LIBRARY ASSOCIATION, APPELLEE, *v.* VILLAGE OF ANSONIA ET AL.; VILLAGE OF BRADFORD ET AL., APPELLANTS.
GREENVILLE LAW LIBRARY ASSOCIATION, APPELLEE, *v.* VILLAGE OF ANSONIA ET AL.; CITY OF GREENVILLE, APPELLANT.

(Nos. 72-352 and 72-379—Decided February 7, 1973.)

4

Mr. *Hugh A. Staley*, for appellee.
Mr. *R. K. Wilson*, for appellants in case No. 72-352.
Messrs. *Goubeaux & Goubeaux* and Mr. *Lee A. Bixler*, for appellant in case No. 72-379.

Young, J. The first question before the court requires an interpretation of R. C. 3375.50, effective November 9, 1959, and which, in the parts pertinent to this cause, reads as follows:

"All moneys collected by a municipal corporation accruing from fines and penalties and from forfeited deposits, forfeited bail bonds, and forfeited recognizances taken for appearances, by a municipal court for offenses and misdemeanors brought for prosecution in the name of a municipal corporation under a penal ordinance thereof, where

there is in force a state statute under which the offense might be prosecuted, or prosecuted in the name of the state, except a portion of such moneys, which plus all costs collected monthly in such state cases, equal the compensation allowed by the board of county commissioners to the judges of the municipal court presiding in police court, clerk and prosecuting attorney of such court in state cases, shall be retained by the clerk of the municipal court, and be paid by him forthwith, each month, to the board of trustees of the law library association in the county in which such municipal corporation is located.''

Also pertinent to the resolution of the question here presented is R. C. 733.40, effective October 13, 1953, and reads as follows:

''All fines, forfeitures, and costs in ordinance cases and all fees collected by the mayor, or which in any manner come into his hands, or which are due such mayor or a marshal, chief of police, or other officer of the municipal corporation, any other fees and expenses which have been advanced out of the treasury of the municipal corporation, and all money received by such mayor for the use of such municipal corporation, shall be paid by him into such treasury on the first Monday of each month. At the first regular meeting of the legislative authority each month, the mayor shall submit a full statement of all money received, from whom and for what purposes received, and when paid into the treasury. Except as otherwise provided by Sections 3375.50 to 3375.52, inclusive, of the Revised Code, all fines, and forfeitures collected by the mayor in state cases, together with all fees and expenses collected which have been advanced out of the county treasury, shall be paid by him to the county treasury on the first business day of each month. All court costs and fees collected by the mayor in state cases shall be paid by him into the municipal treasury on the first business day of each month.''

A review of the history of R. C. 3375.50 reveals that by its amendment of that section on November 9, 1959, the General Assembly deleted reference to ''police court and mayor's court'' as they appeared in R. C. 3375.50 prior to such amendment.

The trial court and the majority in the Court of Appeals found, in effect, that the General Assembly intended to say "courts of a municipality" when it said "municipal courts." Such an interpretation is not permissible under the rules of construction adopted by this court in *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292, 299, wherein the court said:

"* * * When an existing statute is repealed and a new statute upon the same subject is enacted to include an amendment, as in this case, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the change in the language thereof."

From the foregoing, we find that the term "municipal court," as it appears in R. C. 3375.50, refers to statutory municipal courts, and does not include police courts or mayors' courts.

The second question presented is whether R. C. 3375.50 as now interpreted by this court, would then be a general law which did not have uniform operation throughout the state and would therefore be in conflict with Section 26, Article II, and Section 2, Article XVIII of the Ohio Constitution.

From the record herein it appears that there are 25 counties in this state which have no statutory municipal courts, and this is urged as an argument that the law in question does not have uniform operation.

It is our conclusion that R. C. 3375.50 has uniform operation throughout the state and that the fact that some counties have no municipal court does not affect such uniform operation. It is further found that this statute is neither arbitrary nor unreasonable and is constitutional.

The judgment of the Court of Appeals is, therefore, reversed and final judgment is rendered for each of the appellants.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

YOUNG, J., of the First Appellate District, sitting for P. BROWN, J.