**SIEGFRIED et al., Appellees,**

v.

**FARMERS INSURANCE OF COLUMBUS, INC., Appellant.**

[Cite as *Siegfried v. Farmers Ins. of Columbus,
Inc.,* 187 Ohio App.3d 710, 2010-Ohio-1173.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24848.

Decided March 24, 2010.

Craig S. Cobb and Danny L. Worker, for appellees

Todd L. Willis and Mark C. Willis, for appellant.

MOORE, Judge.

{¶ 1} Appellant, Farmers Insurance of Columbus, Inc., appeals the judgment of the Summit County Court of Common Pleas. We reverse.

## I

{¶ 2} This matter stems from a motor vehicle accident between Keith Siegfried and Charles Milgram. Milgram was at fault; he is not a party to this appeal. Milgram's insurance coverage was inadequate to fully compensate the appellees, Keith and his wife, Joyce Siegfried, for their damages. The Siegfrieds now seek to recover payment from their insurance company, Farmers, under the policy's underinsured-motorist coverage.

{¶ 3} The Siegfrieds elected to arbitrate this matter under the arbitration provisions of the policy. The policy language of the underinsured-motorist coverage provides that "[i]f an **insured person** and we do not agree * * * as to the amount of payment under this Part, either that person or we may demand that the issue be determined by arbitration." (Boldface sic.) There is no dispute that the Siegfrieds followed the proper procedure to elect arbitration. However, Farmers attempted to invoke the language of an endorsement to the policy, Endorsement 006A. Endorsement 006A similarly allows for arbitration but further provides that "[e]ither the **insured person** or we can refuse to agree to arbitration." (Boldface sic.)

{¶ 4} There is no dispute that Endorsement 006A was incorporated into the policy issued to the Siegfrieds. Further, the parties agree that Farmers did not file Endorsement 006A with the Ohio Department of Insurance.

{¶ 5} The Siegfrieds filed a motion to stay proceedings pending arbitration of the matter. Farmers opposed the motion and moved the trial court for a declaration that Endorsement 006A was valid and enforceable, entitling Farmers to a jury trial. The trial court addressed these pleadings as cross-motions for summary judgment. The trial court invalidated Endorsement 006A because it was not filed with the Department of Insurance and stayed the matter pending arbitration in accordance with the original policy language.

{¶ 6} Farmers timely filed a notice of appeal, raising two assignments of error for our review. We have rearranged Farmers' assignments of error to facilitate our discussion.

## II

### ASSIGNMENT OF ERROR II

The trial court erred in applying [R.C.] 3937.03 to invalidate policy language approved by the Ohio Department of Insurance where such a remedy is

inappropriate and should, in any event, be limited to invalidating only any supposed unapproved "modification" of the approved language.

{¶ 7} Farmers' second assignment of error contends that the trial court erred in invalidating the policy language in question. We agree.

{¶ 8} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293, 662 N.E.2d 264. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

{¶ 11} "This court reviews a trial court's interpretation and application of a statute under a de novo standard." *Donnelly v. Kashnier,* 9th Dist. 02CA0051M, 2003-Ohio-639, 2003 WL 294413, at ¶ 26. Additionally, the interpretation of an insurance contract is a matter of law, which we review de novo. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684.

{¶ 12} The parties agree that Farmers did not file Endorsement 006A with the Department of Insurance. The language of the original policy allows either party to demand that the dispute be determined by binding arbitration. The trial court held that because Endorsement 006A was never filed with the Department of

Insurance it could not be enforced. Therefore, the trial court reasoned that under the original policy language, the Siegfrieds were free to unilaterally elect binding arbitration.

{¶ 13} As authority for invalidating the language in question, the Siegfrieds and the trial court rely upon R.C. 3937.03(H), which provides, "No insurer shall make or issue a contract or policy except in accordance with filings which are in effect for said insurer as provided in sections 3937.01 to 3937.17 of the Revised Code." The trial court also adopted the Siegfrieds' arguments and distinguished the cases cited by Farmers on the basis that they involved commercial insurance policies, which are subject to different filing standards. Additionally, the trial court relied upon *Upperman v. Grange Indemn. Ins. Co.* (2005), 135 Ohio Misc.2d 8, 842 N.E.2d 132, believing that that case, which permitted a private right of action under R.C. 3937.03, involved Grange's failure to file an endorsement encompassed in the insurance contract. A careful reading of *Upperman*, however, reveals that Grange had allegedly failed to file its *premium rates* and had made no effort to reimburse its insureds who paid premiums in excess of the approved rates. Id. at 10, 842 N.E.2d 132. For that reason, *Upperman* is distinguishable from this case.

{¶ 14} Farmers directs this court to *GenCorp, Inc. v. Am. Internatl. Underwriters* (C.A.6, 1999), 178 F.3d 804, *McCullough Transfer Co. v. Virginia Sur. Co.* (C.A.6, 1954), 213 F.2d 440, and *Kinsey v. Erie Ins. Group*, 10th Dist. No. 06AP–139, 2006-Ohio-5786, 2006 WL 3112097, in support of its argument that voiding language not filed with the Department of Insurance is an inappropriate remedy. The Siegfrieds maintain here, as they did below, that these cases are distinguishable from the present matter because they involved commercial policies, which are subject to different filing standards. While commercial policies are subject to different filing standards, R.C. 3937.03(C), we cannot agree that the fact that this case involves personal lines insurance requires the result the Siegfrieds urge. Farmers correctly argues that these decisions, interpreting R.C. 3937.03 and its substantially similar predecessor, do not rest their analysis to any extent on the distinction that the contracts involved were commercial insurance policies.

{¶ 15} Further, the purpose of R.C. 3937.03 is not to aid insureds in evaluating available coverage. Instead, this court has held that the legislative intent behind the enactment of "the requirement that insurers file rating plans, which indicate the character and extent of coverage * * * was to enable the superintendent of insurance to determine whether *rates* proposed to be charged are 'excessive, inadequate, or unfairly discriminatory' in light of certain, specified factors relating to risk experience." (Emphasis sic.) *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.* (July 12, 1995), 9th Dist. No. 16993, 1995 WL 422733, at *8. Because the purpose behind the regulatory filing requirement is

not to allow insurance purchasers to evaluate the extent or character of coverage, the Siegfrieds cannot have relied on the filings in purchasing the policy in question and there is no reason to invalidate the language not filed with the Department of Insurance.

{¶ 16} Finally, *GenCorp, McCullough,* and *Kinsey* each determined that invalidation of policy language is an inappropriate remedy for the failure of the insurer to file the language with the Department of Insurance. *Kinsey* specifically held that "an insurer's non-compliance with the filing requirements of R.C. 3937.03 [does not] render coverage that differs from the insurer's ODI filings void." *Kinsey,* 2006-Ohio-5786, 2006 WL 3112097, at ¶ 17. In so holding, *Kinsey* referred to the decisions in *GenCorp* and *McCullough.* Id. The *McCullough* court interpreted the predecessor statute to R.C. 3937.03 and determined that had the legislature intended to render unfiled policy language void it could easily have done so explicitly. *McCullough,* 213 F.2d at 442. Instead, the court noted that "the statute provides a $500.00 fine for a willful violation of the Act and that the license of any insurer who fails to comply with an order of the superintendent may be suspended." Id. The *GenCorp* court, in examining the failure to file policy language under R.C. 3937.03, reaffirmed the reasoning of *McCullough. GenCorp,* 178 F.3d at 831–832. R.C. 3937.99(A) currently provides that "[w]hoever purposely violates sections 3937.01 to 3937.17 of the Revised Code shall be fined not more than five hundred dollars." Accordingly, the trial court erred in invalidating the language of Endorsement 006A pertaining to arbitration. Farmers may enforce the arbitration provision embodied in Endorsement 006A by refusing the Siegfrieds' request to arbitrate and is thus entitled to a jury trial on damages. Farmers' second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

The trial court erred in concluding that clear, unambiguous policy language was "modified" after its approval by the Ohio Department of Insurance when the only changes made to the language of the amending endorsement were typesetting, immaterial and nonsubstantive changes.

{¶ 17} In its first assignment of error, Farmers contends that the trial court erred in concluding that clear language was modified after its approval by the Department of Insurance when the only changes made to the language of the amending endorsement were immaterial.

{¶ 18} In light of our disposition of Farmers' second assignment of error, we do not reach Farmers' first assignment of error. App.R. 12(A)(1)(c). Even if Endorsement 006A constitutes a modification for the purposes of R.C. 3937.03, invalidation of the modifying language is not an appropriate remedy. Accordingly, Farmers' first assignment of error is moot.

## III

{¶ 19} Farmers' second assignment of error is sustained. Farmers' first assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

DICKINSON, P.J., and WHITMORE, J., concur.