[Cite as *State v. Jarrett*, 2013-Ohio-1663.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98759**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH L. JARRETT

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-554504, CR-558789, CR-559105,
CR-559365, CR-559433, CR-559935, CR-562138, and CR-562549

**BEFORE:**   Stewart, A.J., Boyle, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   April 25, 2013

**ATTORNEY   FOR APPELLANT**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Holly Welsh
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Kenneth Jarrett pleaded guilty to counts of fraud and forgery. He was granted bond pending sentencing, but failed to appear for sentencing. While on violation of bond, he committed crimes in seven more cases involving fourth and fifth degree grand theft, attempted aggravated theft, forgery, identity theft, identity fraud, and possession of criminal tools. He pleaded guilty and appeared before the court for sentencing on all eight cases. Noting that Jarrett had 16 prior felony offenses in addition to the eight presently before it, the court imposed consecutive sentences totaling eight years and six months, finding in particular that Jarrett's conduct was so great that a single prison sentence would not adequately reflect the seriousness of his conduct. Jarrett concedes that his sentences were within the statutory range and that the court made the required factual findings necessary to impose consecutive sentences. He argues on appeal, however, that the finding regarding the seriousness of his conduct found no support in the record because the total financial harm he caused the victims — $22,590 — was not so great or unusual to justify consecutive sentences.

{¶2} R.C. 2929.14(C)(4) permits the court to impose sentence on multiple prison terms consecutively if it finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶3} When reviewing consecutive sentences imposed under R.C. 2929.14(C)(4), we "review the record, including the findings underlying the sentence or modification given by the sentencing court" to determine whether (1) the record does not support the court's findings under R.C. 2929.14(C)(4) or (2) "the sentence is otherwise contrary to law[.]" *See* R.C. 2953.08(G)(2).

{¶4} There is no question that the court made the required findings under R.C. 2929.14(C)(4): it determined that consecutive sentences were necessary to protect the public from future crime, that consecutive sentences were not disproportionate to the harm Jarrett caused, and that no single term would adequately reflect the seriousness of his conduct.

{¶5} We have held, consistent with nearly every other district to consider the issue, that a sentencing judge need only make the required statutory findings under R.C. 2929.14(C)(4) — there is no need for the court to state the reasons underlying those

findings. *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263; *State v. Blackburn*, 8th Dist. Nos. 97811 and 97812, 2012-Ohio-4590, ¶ 35. *See also State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349; *State v. Wells*, 2d Dist. No. 2012-CA-12, 2012-Ohio-5529; *State v. McKenzie*, 3d Dist. No. 15-12-07, 2012-Ohio-6117; *State v. Midlam*, 4th Dist. No. 12CA2, 2012-Ohio-6299; *State v. Patterson*, 5th Dist. No. CT2012-0029, 2012-Ohio-5600; *State v. Nowlin*, 6th Dist. No. CT2012-0015, 2012-Ohio-4923; *State v. Galindo-Barjas*, 7th Dist. No. 12 MA 37, 2013-Ohio-431.

{¶6} The rationale for these holdings is that, although the prior statutory version of consecutive sentencing invalidated in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, required the court to make findings and state its reasons in support of those findings, the current consecutive sentencing statute contained in H.B. 86 does not. *Goins* at ¶ 11. The General Assembly's omission of language requiring the court to state its reasons for making findings constitutes an amendment of the prior version and indicates an intent to change the prior meaning of the statute. *State ex rel. Mager v. State Teachers Ret. Sys. of Ohio*, 123 Ohio St.3d 195, 2009-Ohio-4908, 915 N.E.2d 320, ¶ 23, citing *Malone v. Indus. Comm.*, 140 Ohio St. 292, 299, 43 N.E.2d 266 (1942).

{¶7} The next question we consider is whether the record does not support the court's finding that consecutive sentences were not disproportionate to the seriousness of Jarrett's conduct. He argues that the $22,590 in financial harm he caused in eight cases was not as serious as it would have been in a single case involving $22,590 of financial harm; therefore, consecutive sentences were unwarranted.

**{¶8}** We do not need to get into a discussion of what amount of monetary loss constitutes "seriousness" for purposes of R.C. 2929.14(C)(4) in order to find that the court did not err by concluding that consecutive sentences were proportionate to Jarrett's conduct. The "seriousness" of one's conduct goes beyond mere monetary loss. Although we have no difficulty concluding that Jarrett's eight different counts of theft and fraud involving thousands of dollars of losses to his individual victims constituted "serious" conduct, the court had more than that to justify consecutive sentences. Jarrett has 16 prior felony convictions. Those prior convictions, coupled with the eight convictions in this case, show him to be incorrigible. And to make matters worse, Jarrett displayed a flagrant disregard for the court by committing seven offenses while on bond awaiting sentencing in another case. The consecutive sentences were thus not disproportionate to the seriousness of his conduct.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
MARY EILEEN KILBANE, J., CONCUR