[Cite as *Jones v. N&S Auto Sales, Inc.*, 2013-Ohio-2468.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99172

## RONALD L. JONES

PLAINTIFF-APPELLANT

vs.

## N&S AUTO SALES, INC., ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-764381

**BEFORE:** Boyle, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 13, 2013

**ATTORNEYS FOR APPELLANT**

Michael L. Berler
Ronald I. Frederick
Ronald Frederick & Associates
1370 Ontario Street
Suite 1240
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEES**

Vincent G. Farris
1330 Rockside Road
Suite 222
Parma, Ohio   44134

MARY J. BOYLE, P.J.:

**{¶1}** Plaintiff-appellant, Ronald L. Jones, appeals the judgment of the trial court

granting summary judgment to defendants-appellees, N&S Auto Sales, Inc., and Simon

Peters. Jones raises the following three assignments of error for our review:

1. The trial court erred in finding that plaintiff waived his right to demand rescission pursuant to R.C. 4505.181(B)(1), as in effect at the time of the filing of his complaint.

2. The trial court erred in finding that plaintiff failed to assert his right to a rescission and refund within a reasonable amount of time.

3. The trial court erred in finding that plaintiff was not entitled to a refund of the full purchase price of the vehicle pursuant to R.C. 4505.181(B)(1), as in effect at the time of his filing of his complaint.

**{¶2}** Finding no merit to his appeal, we affirm.

### Procedural History and Factual Background

**{¶3}** Jones filed a complaint against defendants in September 2011, alleging that

defendants violated numerous statutory provisions when they sold him a used car,

including the Consumer Sales Practices Act, the Retail Installment Sales Act, the

Odometer Rollback and Disclosure Act, and the Uniform Commercial Code. Jones

sought to recover actual, statutory, noneconomic, treble, and punitive damages,

reasonable attorney fees, declaratory and injunctive relief, and costs.

**{¶4}** Defendants answered the complaint, denying the allegations and asserting

several affirmative defenses.

**{¶5}** In March 2012, Jones moved for summary judgment as to liability only. Jones asserted in his affidavit attached to his summary judgment motion that he purchased a 2002 Pontiac Grand Am from defendants on November 24, 2010, for $6,995 plus tax and license. Jones's salesperson, Mike, represented to Jones that the car was in good working condition and had never been in an accident. Jones later learned that the Pontiac Grand Am had been in an accident in 2008.

**{¶6}** Jones averred that the Grand Am began having mechanical problems soon after he purchased it. In his motion, Jones stated that between December 2010 and July 2011, the vehicle broke down at least five times and had to be towed for repair. In his affidavit, he explained in detail what happened each time the car broke down. On July 1, 2011, he sent a letter to defendants demanding his money back, which they refused. Subsequently, Jones obtained two estimates regarding how much it would cost to fix the vehicle; one was $1,814.46, and the other was $2,166.98. Jones decided that it was not worth fixing. He parked the vehicle and stopped paying on it.[1]

**{¶7}** Jones asserted that defendants committed "a multitude of statutory violations." He stated that defendants failed to give him a "complete and properly filled out" buyers guide prior to purchasing the vehicle. He further stated that defendants charged him illegal fees in selling the vehicle, failed to provide him a complete security agreement, charged him a 15 percent late charge, stated the incorrect mileage, sold the

---

[1]According to defendant's reply to Jones's brief in support of damages, Jones paid a total of $3,475 toward the purchase price before he stopped paying.

vehicle to him without proper title, failed to provide him with the title until 43 days after he purchased it, and operated under a fictitious name.

**{¶8}** The trial court granted Jones's summary judgment motion in part and denied it in part. It found the following:

(1) On Jones's first claim for relief, the trial court found that defendants violated 16 C.F.R. 455.3(a), the Used Motor Vehicle Trade Regulation rule, because it found that defendants failed to provide the requisite information on the window form of the used vehicle; specifically, the name and address of the dealership, and contact information for reporting complaints.

(2) On Jones's fifth claim for relief, the trial court found that defendants violated R.C. 1317.06, contracting for illegal late fees, because the sales contract with Jones provided that he would be charged a late fee if he made a payment more than three days late; the law prohibits charging a late fee if the payment is less than ten days late.

(3) On Jones's ninth claim for relief, the trial court found that defendants violated R.C. 4505.181(A)(2), selling the vehicle without title or authority, because defendants entered into the bill of sale with Jones on November 24, 2010, before they actually possessed the title to the vehicle.

(4) On Jones's tenth claim for relief, the trial court found that defendants violated R.C. 4505.181(B)(1), for failing to obtain title in Jones's name within 40 days of the bill of sale; Jones received the title in his name 43 days after he purchased the vehicle.

{¶9} The trial court denied Jones's summary judgment motion on his remaining eight claims, finding that genuine issues of material fact remained.

{¶10} Subsequent to the trial court's judgment granting Jones's summary judgment in part, Jones dismissed his remaining claims with prejudice and requested a hearing on damages and attorney fees.

{¶11} The parties subsequently agreed for the trial court to decide the issue of damages on the submission of their briefs. After considering both parties' briefs, the trial court awarded Jones $200 in statutory damages on his first claim, $200 in statutory damages on his fifth claim, $200 in statutory damages on his ninth claim, and $200 in statutory damages on his tenth claim. The court further awarded Jones $18,309.71 in reasonable attorney fees and costs associated with the case. It is from this judgment that Jones appeals, raising his three assignments of errors.

{¶12} Although Jones raises three assignments of error, he essentially raises the same issue in all of them. Jones even states later in his brief that he "only finds error in that the trial court did not award the express remedy provided in R.C. 4505.181(B)[1], rescission and refund of the full purchase price of the vehicle to [him]." We must therefore determine whether the trial court erred when it did not award Jones rescission and refund of the full purchase price of the vehicle under R.C. 4505.181(B)(1).

Standard of Review

{¶13} Generally, an appellate court applies an abuse of discretion standard when reviewing a trial court's award of damages. *Roberts v. United States Fid. & Guar. Co.*,

75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996). But "[a]n appellate court applies a de novo standard of review of a lower court's interpretation and application of a statute." *Siegfried v. Farmers Ins. of Columbus, Inc.*, 187 Ohio App.3d 710, 2010-Ohio-1173, 933 N.E.2d 815, ¶ 11 (9th Dist.). In interpreting statutes, a reviewing court should make every effort to "'give effect to each word, phrase and clause.'" *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21, quoting *State ex rel. Myers v. Bd. of Edn. of Rural School Dist. of Spencer Twp., Lucas Cty.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917). Further, "statutes must be construed, if possible, to operate sensibly and not to accomplish foolish results." *State ex rel. Saltsman v. Burton,* 154 Ohio St. 262, 268, 95 N.E.2d 377 (1950). A court's primary concern in statutory construction is the legislative intent in the statute's enactment, which is normally found in the words and phrases of the statute, read in context according to standard rules of grammar and common usage. *State ex rel. Mager v. State Teachers Retirement Sys. of Ohio*, 123 Ohio St.3d 195, 2009-Ohio-4908, 915 N.E.2d 320, ¶ 14.

### R.C. 4505.181(B)(1)

**{¶14}** At the time Jones purchased his vehicle from defendants, the relevant portion of R.C. 4505.181 provided:

> (B) If a retail purchaser purchases a motor vehicle * * * for which the dealer, pursuant to and in accordance with division (A) of this section, does not have a certificate of title issued in the name of the dealer at the time of the sale, the retail purchaser has an unconditional right to rescind the transaction and the dealer has an obligation to refund to the retail purchaser the full purchase price of the vehicle, if one of the following applies:

(1) The dealer fails, on or before the fortieth day following the date of the sale, to obtain a title in the name of the retail purchaser.

* * *

If any of the circumstances described in divisions (B)(1) to (4) of this section applies, a retail purchaser or the retail purchaser's representative shall notify the dealer and afford the dealer the opportunity to comply with the dealer's obligation to refund the full purchase price of the motor vehicle.[2]   Nothing in this division shall be construed as prohibiting the dealer and the retail purchaser or their representatives from negotiating a compromise resolution that is satisfactory to both parties.

{¶15} In its judgment entry on damages, the trial court determined that Jones "waived his right to demand rescission of the transaction and a refund for the full purchase price of the vehicle," because he did not do so within a reasonable time.   The trial court found that because Jones received title to the vehicle on January 6, 2011, but did not demand rescission and refund until July 1, 2011, "such delayed demand is not reasonable."   The trial court further found that Jones "suffered no actual damages from defendants' failure to provide title to [him] within 40 days of purchase" because Jones did not attempt to transfer the vehicle within that time, and he had full possession and control of the vehicle from the time of purchase.

{¶16} Jones argues that the trial court's reliance on the one case it cited to in support of its decision denying Jones the remedy he requested, *Anousheh v. Planet Ford, Inc.*, 2d Dist. Nos. 21960 and 21967, 2007-Ohio-4543, was misplaced.   In *Anousheh*, the

---

[2]The statute was amended on September 29, 2011, in H.B. 1, and now provides that the retail purchaser must notify the dealer of his or her intent to rescind the contract no "later than sixty days from the date the motor vehicle is titled in the name of the retail purchaser."   R.C. 4505.181(C)(1).

court reasoned that although Planet Ford had wrongly displayed a vehicle for sale before it actually had title to the vehicle, Planet Ford "remedied the problem by immediately providing title to the Anoushehs, as permitted by R.C. 4505.181(B)(1)," and "[t]hus, the Anoushehs suffered no actual damages." *Id.* at ¶ 22.

{¶17} We agree with Jones that the Second District's comments regarding R.C. 4505.181(B)(1) were not on point, because the issue raised in *Anousheh* involved erroneous jury instructions. *Id.* at ¶ 13. We also agree that the case does not support the trial court's reasoning because Planet Ford "immediately" provided the title, unlike defendants in this case. Although the Second District did not explain how many days "immediately" included, we find that 43 days is not "immediate."

{¶18} Nonetheless, we agree with the trial court that Jones waived his right to demand rescission and a full refund. Jones had title to his used vehicle as of January 6, 2011, which was within 43 days of purchasing it. Although this was three days later than the statute allows, he did not demand rescission and a full refund until July 1, 2011 — almost six months later — after "the car utterly failed to operate" and he decided that it was not worth repairing. As the trial court stated, "there [was] no direct, incidental, or consequential relation between defendants' failure to provide [Jones] title to the vehicle within 40 days of the sale and [Jones's] demand for rescission and refund of the vehicle six months after title was transferred." This was certainly not the intent of the legislature when it enacted R.C. 4505.181(B)(1).

**{¶19}** The remaining consumer protection statutes that Jones cites to, claiming they support his arguments that he should be entitled to rescind his purchase and receive a full refund, have nothing to do with R.C. 4505.181 and are therefore not applicable.

**{¶20}** Accordingly, Jones's three assignments of error are overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR