[Cite as *Selwyn v. Grimes*, 2014-Ohio-5147.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101252**

**JOHN J. SELWYN**

PLAINTIFF-APPELLEE

vs.

**JEFF GRIMES**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-84-082351

**BEFORE:**   Blackmon, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   November 20, 2014

**ATTORNEY FOR APPELLANT**

Thomas H. Terry, III
619 Cahoon Road
Bay Village, Ohio 44140


**ATTORNEY FOR APPELLEE**

Richard A. Oviatt
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Jeff Grimes ("Grimes") appeals the trial court's denial of his motion to vacate an order that revived a 1985 default judgment in favor of appellee John J. Selwyn ("Selwyn"). Grimes assigns the following error for our review:

> The trial court erred in denying the motion to vacate the order of June 7, 2012 as void ab initio by ignoring the plain language of R.C. 2329.07(A)(1) and thereby erroneously computing the date the statute of limitation found at R.C. 2325.18(A) began to run.

{¶2} Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for further proceedings consistent with this opinion. The apposite facts follow.

{¶3} On June 24, 1983, Grimes allegedly smashed a beer bottle into Selwyn's face. On October 24, 1984, Selwyn filed suit against Grimes alleging serious and permanent injury to his face. Grimes failed to answer or respond, and on June 21, 1985, the trial court granted default judgment against Grimes in the amount of $50,000 in compensatory damages and $50,000 in punitive damages. Thereafter, on or about September 19, 1985, Selwyn made a single attempt to execute on the judgment.

{¶4} On March 30, 1987, Grimes filed a petition in bankruptcy court and obtained a stay of all proceedings. Selwyn subsequently filed an adversary action contesting the discharge of the judgment. On August 17, 1987, the bankruptcy court declared the judgment non-dischargeable. On October 29, 1987, Grimes was discharged from bankruptcy and the stay dissolved.

{¶5} On June 4, 2012, Selwyn filed a motion to revive the June 1985 judgment. On that same date, Selwyn's counsel forwarded an unsigned and non-filed copy of the motion to revive to Grimes, who forwarded the documents to his attorney. Selwyn's attorney did not respond to Grimes's attorney's written or telephonic request for information.

{¶6} On June 7, 2012, without service of the summons and motion by the clerk's office, the trial court granted the motion to revive the judgment. On June 18, 2013, Selwyn transferred the revived judgment to the Cleveland Municipal Court and implemented garnishment proceedings of Grimes's bank accounts. Selwyn's garnishment efforts netted approximately $3,000.

{¶7} On July 5, 2013, Grimes filed a motion to vacate the trial court's order reviving the judgment. After a hearing on July 30, 2013, the new judge hearing the matter denied Grimes's motion to vacate the order reviving the judgment.

{¶8} Subsequently, and ostensibly to effect service of the summons and motion by the clerk's office, the administrative judge vacated the June 2012 order reviving the dormant judgment and directed Selwyn to refile the motion to revive the judgment. On January 16, 2014, Selwyn refiled the motion, Grimes was duly served, and the matter was again heard.

{¶9} On March 24, 2014, the trial court granted Selwyn's January 16, 2013 motion to revive. The trial court also ordered that the judgment shall date back to June 7, 2012, and determined that the judgment and interest amounted to $383,430.

## Revival of Dormant Judgment

{¶10} In the sole assigned error, Grimes argues the trial court erred when it revived the dormant judgment.

{¶11} Revivor of a dormant judgment is a statutory proceeding. *Omni Credit Servs. v. Leston*, 2d Dist. Montgomery No. 25287, 2013-Ohio-304, citing *Columbus Check Cashers, Inc. v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812, ¶ 19 (10th Dist.). When an appellate court is called upon to review a lower court's interpretation and application of a statute,

the appellate court conducts a de novo review without deference to the trial court's determination. *Am. Gen. Fin. v. Copley*, 10th Dist. Franklin No. 12AP-1077, 2013-Ohio-2455, citing *Taber v. Ohio Dept. of Human Servs.,* 125 Ohio App.3d 742, 747, 709 N.E.2d 574 (10th Dist.1998).

{¶12} In interpreting statutes, a reviewing court should make every effort to give effect to each word, phrase, and clause. *Boley v. Goodyear Tire & Rubber Co.,* 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21. A court's primary concern in statutory construction is the legislative intent in the statute's enactment, which is normally found in the words and phrases of the statute, read in context according to standard rules of grammar and common usage. *State ex rel. Mager v. State Teachers Retirement Sys. of Ohio*, 123 Ohio St.3d 195, 2009-Ohio-4908, 915 N.E.2d 320, ¶ 14.

{¶13} In the instant case, Grimes argues that the trial court ignored the plain language of R.C. 2329.07(A)(1) when it revived the dormant judgment.

{¶14} R.C. 2329.07(A)(1), sets forth the time periods governing a dormant judgment and the methods for preventing the judgment from becoming dormant, as follows:

> If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then * * * the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

{¶15} R.C. 2325.18(A), provides the current procedure for reviving a dormant judgment. When Selwyn originally received his judgment on June 21, 1985, the time period for reviving a dormant judgment was 21 years, but R.C. 2325.18 was amended on June 2, 2004, and the time

limit for revivor of a dormant judgment is now ten years. The current version of R.C. 2325.18 does not clearly provide for the retroactive application of the statute.

{¶16} In reviving the judgment, the trial court found the prior version of the statute, which provided for a 21-year statute of limitation, controlling. Under the circumstances, this was appropriate. *See Cadles of Grassy Meadows, II*, *L.L.C. v. Kistner*, 6th Dist. Lucas No. L-09-1267, 2010-Ohio-2251; *Swartz v. Householder*, 7th Dist. Jefferson Nos. 13 JE 24 and 13 JE 25, 2014-Ohio-2359; *Walker v. Shondrick-Nau*, 7th Dist. Noble No. 13 NO 402, 2014-Ohio-1499.

{¶17} The trial court's order reviving the dormant judgment, stated in pertinent part, as follows:

> * * * Thereafter, Defendant filed bankruptcy, and on August 17, 1987, the bankruptcy court issued an order denying discharge of the judgment. The Court finds the action of Plaintiff in bankruptcy court constituted an execution on the judgment and in accordance with R.C. 2329.07(A)(1), the judgment became dormant on August 17, 1992.

{¶18} Utilizing the date the bankruptcy court declined to discharge the judgment and construing the bankruptcy court's decision as an execution on that judgment, the trial court found Selwyn's June 2012 motion to revive timely. As previously noted, Grimes contends that the trial court ignored the plain meaning of R.C. 2329.07(A)(1). We agree.

{¶19} Under the plain meaning of R.C. 2329.07(A)(1), we find no way of construing the bankruptcy court's decision not to discharge the judgment as an execution. Of note, Selwyn's adversarial action in the bankruptcy court was not an attempt at execution on Grimes's property. The record reveals that Selwyn knew that Grimes was not collectable. At the hearing, counsel represented that Selwyn waited patiently until the death of Grimes's parents and the prospect that Grimes would receive an inheritance to initiate the action. Rather, the

adversarial action was an attempt to prevent the discharge in the event that the bankruptcy court was inclined to discharge the judgment.

{¶20} Further, in refusing to discharge the judgment, the bankruptcy court did not issue a new judgment, but merely indicated what debts would be discharged and what debts remained Grimes's responsibility. It is conceivable that the bankruptcy court would have declined to discharge the judgment without Selwyn filing an adversarial action. Consequently, we decline to construe the bankruptcy court's decision as an execution.

{¶21} As such, pursuant R.C. 2329.07(A)(1), the judgment went dormant on August 19, 1990, five years after Selwyn made the aforementioned single attempt at executing on the judgment. Pursuant to R.C. 2325.18, Selwyn had 21 years from August 19, 1990, to seek revival of the judgment. To be timely, Selwyn's motion to revive had to be filed prior to August 19, 2011. Because it was purportedly filed in June 2012, it was untimely, and the trial court erred in reviving the judgment.

{¶22} Moreover, as previously noted, when Selwyn purportedly filed the motion, his counsel forwarded an unsigned and non-filed copy of the motion to revive to Grimes, who forwarded the documents to his attorney. In the interim, the trial court granted the motion despite having no jurisdiction over the matter, because Grimes was not served by the clerk's office with the summons and the motion.

{¶23} Also, as previously noted, Selwyn's attorney did not respond to Grimes's attorney's written or telephonic request for information. Further, after the judge granted the motion to revive the judgment, the administrative judge vacated judgment and directed Selwyn to refile the motion.

**{¶24}** Thus, when Selwyn refiled the motion in January 2014, to cure the jurisdictional deficiency, he was outside the 21-year statute of limitation. Consequently, the trial court should have granted the motion to vacate. Accordingly, we sustain the sole assigned error.

**{¶25}** Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR