OPINION
{¶ 1} Plaintiff-appellant Castlebrook Apartments appeals from a judgment ordering restitution of rental premises at 5933 Culzean Drive, Apartment 920, Trotwood, Ohio, as to all tenants except defendant-appellee Sandra Ballard. Castlebrook contends that the trial court erred as a matter of law by failing to grant an eviction under R.C. 1923.02, and that the decision is against the manifest weight of the evidence.
 {¶ 2} We conclude that the trial court did not err in refusing to grant restitution of the *Page 2 
the premises as to Ballard. Castlebrook failed to prove either that Ballard currently resided in the premises or that Ballard had refused to return possession of the premises. The judgment is also not against the manifest weight of the evidence, because it is supported by some competent, credible evidence. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} As a preliminary matter, we note that Ballard failed to file a brief. Under such circumstances, App. R. 18(C) allows us to accept an appellant's statement of facts as correct, and to reverse the judgment if the appellant's brief reasonably appears to support reversal. However, we are not required to reverse. Rogers v. Rogers, Butler App. No. 2004-08-207, 2005-Ohio-2661, at ¶ 2.
 {¶ 4} At trial, Castlebrook presented evidence of a written lease agreement for rental premises located at 5933 Culzean Drive, Apartment 920, Trotwood, Ohio. The lease began on July 22, 2006, and ended on August 31, 2007, with a monthly rental rate of $699. Ballard was named as the tenant on the lease, and the following additional occupants were also listed: Danetta Ivery, Eric Moore, Jasmine Lofton, Tauruss Berry, and Jamila Mallory. The lease was signed by Ballard, or a person purporting to be Ballard. The other documentation in Castlebrook's file includes a copy of Ballard's driver's license, a written application for the lease, signed on May 9, 2006, by Ballard or a person purporting to be Ballard, and a letter from Ballard's employer, Northwood Nursing and Rehabilitation Center, verifying Ballard's gross and net earnings for March and April 2006. The Northwood letter is dated May 10, 2006. *Page 3 
 {¶ 5} Ballard presented evidence indicating that she never resided at the apartment on Culzean Drive. Instead, she leased an apartment on Mount Everest Avenue in Huber Heights, Ohio, on July 6, 2006, and was still living in that apartment at the time of trial. Ballard also never paid rent for the Culzean Drive apartment. The rent was paid by Donetta Ivery or others, who failed to pay the rent in July 2007. When the July rent was not paid, Castlebrook began the eviction process.
 {¶ 6} At trial, Ballard admitted that Ivery was a friend and long-time co-worker. Ballard suggested that Ivery had stolen her identity to apply for the apartment. Ballard denied giving Castlebrook a copy of her driver's license or giving permission for her employer to provide Castlebrook information about her earnings. Ballard also submitted written evidence of her lease agreement for the Huber Heights apartment.
 {¶ 7} After hearing the evidence, the trial court granted restitution of the premises to Castlebrook as to all defendants other than Ballard. The court concluded that Castlebrook did not meet its burden of proof as to Ballard, and dismissed Ballard as to Count One only.[1] *Page 4 
Count One only.[1] Castlebrook appeals from the judgment.
 II {¶ 8} Castlebrook's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT GRANTING AN EVICTION TO APPELLANT PURSUANT TO ORC 1923.02 AND SUCH DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} Under this assignment of error, Castlebrook contends that the trial court erred in refusing to grant an entry of forcible entry and detainer against Ballard because Ballard was the tenant listed on the lease and failed to pay the monthly rent due for July 2007. Castlebrook also properly posted a three-day eviction notice on the property. According to Castlebrook, the trial court should have granted possession under R.C. 1923.02(A)(9), which authorizes forcible entry and detainer actions against "tenants who have breached an obligation imposed upon them by a written rental agreement." *Page 5 
 {¶ 11} R.C. 1923.09(A) provides that if neither party demands a trial by jury in a forcible entry and detainer action:
 {¶ 12} "[A] judge of the court shall try the cause. After hearing the evidence, if the judge concludes that the complaint is not true, the judge shall enter judgment against the plaintiff for costs. If the judge finds the complaint to be true, the judge shall render a general judgment against the defendant, in favor of the plaintiff, for restitution of the premises and costs of suit. If the judge finds the complaint true in part, the judge shall render a judgment for restitution of that part only, and the costs shall be taxed as the judge considers just."
 {¶ 13} In reviewing a trial court judgment after a bench trial, we are "`guided by the presumption' that the trial court's findings are correct." Patterson v. Patterson, Shelby App. No. 17-04-07,2005-Ohio-2254, at ¶ 26, quoting from Seasons Coal Co. v. City ofCleveland (1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273. We also may not substitute our judgment for that of the trial court where there is "competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." 10 Ohio St.3d at 80. "`A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.'" Gevedon v. Ivey, 172 Ohio App.3d 567, 579, 2007-Ohio-2970, 876 N.E.2d 604, at ¶ 54, quoting from State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264.
 {¶ 14} After reviewing the record, we find no error in the trial court's decision. The complaint alleged in Count One that Castlebrook was the landlord of the residential premises, *Page 6 
premises, that Ballard presently resided therein, and that she had failed to pay the required rental and was in arrears in the amount of $726. Count One further alleged that three days before commencing the action, Castlebrook had served notice on Ballard directing her to leave the premises and surrender possession, and that Ballard "refuses to leave said premises and surrender possession thereof."
 {¶ 15} At trial, Castlebrook proved that it was the landlord and that notice was properly served directing Ballard and other tenants to leave the premises, by posting a notice on the door of the apartment. See,e.g., R.C. 1923.04(A), and Cincinnati Metro. Hous. Auth. v. Morgan,104 Ohio St.3d 445, 445, 2004-Ohio-6554, 820 N.E.2d 315, syllabus (noting that a landlord may comply with R.C. 1923.04(A) by posting a three-day notice to vacate the premises on the outside of the door to the premises).
 {¶ 16} Castlebrook also proved that Ballard's name was on the lease and that rent for July and August 2007 (the final two months of the lease) had not been paid. However, the undisputed testimony at the hearing indicated that Ballard did not reside at the premises at the time the complaint was filed, and that she had never resided there. There was also no evidence that Ballard had refused to surrender possession of the apartment.
 {¶ 17} Ballard and her ex-husband both denied that she lived or had ever lived at 5933 Culzean Drive, Apartment 920. Instead, Ballard had been living for the past year in an apartment located at 8031 Mount Everest, Unit 81272, in Huber Heights, Ohio. At trial, Ballard submitted a written lease agreement for the Huber Heights apartment and a receipt for the deposit and rent on that apartment, which were both dated shortly before the Castlebrook lease was signed. In view of these facts, Castlebrook failed to establish that *Page 7 
Ballard was currently residing in the Culzean Drive apartment and that she had refused to surrender the premises.
 {¶ 18} We note that the credibility of Ballard's testimony about her "stolen identity" was challenged and is in doubt. For example, the signatures on the May 2006 Castlebrook lease application and the July 2006 Huber Heights apartment lease and addendum appear to be identical — meaning that these documents were likely signed by the same person. These signatures also appear identical to the signature on a notice of intent to vacate the Culzean Drive apartment. The notice of intent to vacate is dated August 6, 2007. Ballard admitted signing this document and giving it to Castlebrook in August 2007, after she learned of the eviction action. The notice of intent to vacate states that:
 {¶ 19} "I Saundra Ballard was suppose [sic] to have my name removed off the lease at 5920 Culzean Apt. 920[.] The lessor should have been Danetta Ivery, since this lease still has my name on it according to your paperwork, I am hereby giving a 30 day intent to vacate." Castlebrook Ex. 6 (bracketed material added).
 {¶ 20} Ballard indicates that Castlebrook told her to submit a notice of intent to vacate after she contacted Castlebrook about the eviction action and the fact that her name was on the lease. However, a fair reading of the notice is that Ballard initially assented to the lease, thinking that her name would later be removed.
 {¶ 21} Castlebrook suggested at trial that Ballard signed the lease to aid a friend who may have had bad credit, and the evidence supports this suggestion. In view of the above facts, Ballard's testimony was not credible with regard to the initial signing of the Castlebrook lease and she may be liable for non-payment of rent, since her name was on the lease. However, these facts are not inconsistent with the fact that Ballard did not reside at the *Page 8 
reside at the Culzean apartment and did not refuse to surrender possession of the apartment to Castlebrook. By this, we mean that the trial court may have believed Ballard's testimony about not residing at the apartment, but may also have concluded that Ballard was not being candid about the claim of "stolen identity."
 {¶ 22} The trial court did not specify its reasons for refusing to grant restitution of the premises as to Ballard. However, rejection of restitution is justified because Ballard did not reside in the property and did not refuse to surrender the apartment. The trial court's determination of credibility is entitled to deference on appeal. "The `rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" In re J.Y., Miami App. No. 07-CA-35, 2008-Ohio-3485, at ¶ 33, quoting from Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 23} Furthermore, in assessing a manifest-weight-of-the-evidence challenge in the civil context, judgments will not be reversed as being against the manifest weight of the evidence where they are "`supported by some competent, credible evidence going to all the essential elements of the case.'" Gevedon, 2007-Ohio-2970, at ¶ 54, quoting from C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. For the reasons noted, we conclude that the trial court's judgment is supported by some competent, credible evidence.
 {¶ 24} Castlebrook's sole assignment of error is overruled. The judgment of the trial court is Affirmed. *Page 9 
GRADY and DONOVAN, JJ., concur.
Copies mailed to:
Hon. James L. Manning
[1] Count Two of the complaint requested money damages for unpaid rent and damages up to the time the premises were vacated. This part of the case against Ballard was still pending when this appeal was filed, despite the dismissal of the claim for possession of the premises. *Page 1