[Cite as *Campolieti v. Cleveland Dept. of Pub. Safety*, 2013-Ohio-5123.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99445

# JOHN CAMPOLIETI

### PLAINTIFF-APPELLEE

vs.

# CLEVELAND DEPARTMENT
# OF PUBLIC SAFETY

### DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART; REVERSED
### IN PART, AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-745747

**BEFORE:**   Celebrezze, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   November 21, 2013

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Director of Law
L. Stewart Hastings
Chief Assistant Director of Law
William M. Menzalora
Assistant Director of Law
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1077


**ATTORNEYS FOR APPELLEE**

Chastity L. Christy
Caryn M. Groedel
Caryn Groedel & Associates Co., L.P.A.
31340 Solon Road
Suite 27
Solon, Ohio   44139

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, the Cleveland Department of Public Safety ("appellant"), appeals from a judgment rendered in favor of plaintiff-appellee, John Campolieti, following a bench trial in this age discrimination action. After a careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶2} On April 16, 2007, Campolieti, a firefighter for the Cleveland Fire Department ("the CFD"), filed a lawsuit regarding the denial of his request for a lateral transfer to fill a vacancy in a lieutenant position in the Division of Fire Investigation Unit ("the FIU"). The original complaint contained three claims, alleging statutory age discrimination in violation of R.C. 4112.14 and 4112.99, promissory estoppel, and a wrongful employment action in violation of public policy. The complaint was brought against the city of Cleveland and Chief of Fire Paul A. Stubbs. The complaint was later amended to reflect only the first two claims.

{¶3} After several procedural motions and issues, the parties filed for summary judgment on July 22, 2008. Campolieti's motion for summary judgment was denied on September 15, 2008, and appellant's motion for summary judgment was granted on September 19, 2008, with the trial court finding that the city and Chief Stubbs had demonstrated a legitimate, non-discriminatory reason for their actions and that Campolieti had failed to show that appellant's reason was mere pretext.

{¶4} On appeal, this court determined that the trial court erred in granting appellant's motion for summary judgment. *Campolieti v. Cleveland*, 8th Dist. Cuyahoga No. 92238, 2009-Ohio-5224, ¶ 42 ("*Campolieti I*"). Once the matter was remanded to the lower court, Campolieti voluntarily dismissed the original lawsuit on October 4, 2010. On January 12, 2011, Campolieti refiled his statutory age discrimination claim under R.C. 4112.14 and 4112.99 against appellant. On February 28, 2012, the matter proceeded to a bench trial.

{¶5} The following facts were adduced at trial. Campolieti, then age 67, had been a firefighter with the CFD for more than 40 years. On May 19, 2006, when Campolieti was 64 years old, the CFD posted a notice of openings for several positions within the CFD, including a lieutenant position in the FIU. The notice stated that "where all such qualifications are relatively equal, employees shall be selected on the basis of seniority." Moreover, the posting stated, "[m]embers transferring to this specialized unit shall be subject to remain in the unit for a three-year period upon successful completion of their training and orientation detail." The FIU is staffed with firefighters who must become sworn police officers in order to investigate possible fire-related crimes. Shortly after the position was posted, Campolieti submitted his transfer request from Engine Company No. 4 to the FIU along with the other requisite paperwork to be considered for the position.

{¶6} The selection process and other terms of employment were governed by the collective bargaining agreement ("CBA") in force at the time. The criteria for the selection of applicants to fill this position, or any other position that requires specialized

training, were based on any specialized skills possessed by the applicant specified in their résumé. Where all qualifications were relatively equal, selection was based on seniority. As set forth in Article VI of the CBA, the applicant must also be able to use the specialized training received for the new position for at least five years. Furthermore, the CBA states that employees who receive such specialized training may be required to remain in the specialized unit for which the training has been given for three years, at the discretion of the Chief.

{¶7} Campolieti had the highest seniority and was at least as equally qualified as the applicant selected. On June 9, 2006, Lieutenant Christopher Posante, then age 42, was granted transfer to the FIU rather than Campolieti. When questioned by Campolieti as to why his transfer was not granted, Chief Stubbs indicated that he did not feel Campolieti would be able to satisfy the five-year commitment set forth in Article VI of the CBA due to his age. Chief Stubbs's belief was based on a mandatory retirement provision for police and firefighters who reach age 65, as specified in Cleveland City Codified Ordinances ("CCO") 135.07, which stated at the time, in relevant part:

> It is hereby declared to be in the interest of efficiency of the Divisions of Police and Fire in the Department of Public Safety that members thereof whose status as such has been established pursuant to the Charter, be honorably retired. They shall be retired by the Director of Public Safety on and after March 1, 1975, if then sixty-five years of age or over, or at such later date as such members attain the age of sixty-five. However, anyone subject to retirement under these provisions, upon written request of the Chief of Police or Fire, shall continue on active duty on a year to year basis, subject to the approval of the Director and Council.

{¶8} With regard to the year-to-year extension exception to the retirement provision, Chief Stubbs testified that, as of May 2006, no firefighter seeking such an extension had been denied. However, Chief Stubbs testified that in spring 2006, Councilman Zachary Reed, the chair of Cleveland City Council's Safety Committee, informed him that no further employment extensions would be granted because "there were younger people out there who needed the jobs." Relevant to this age discrimination action, Chief Stubbs admitted that he denied Campolieti the FIU lieutenant position because of Campolieti's age, the retirement provision, and the comments made by Councilman Reed.

{¶9} At the conclusion of trial, the trial court issued findings of fact and conclusions of law. The trial court determined that appellant illegally discriminated against Campolieti based on his age, within the meaning of R.C. 4112.14. The trial court awarded Campolieti $26,585.46 in back pay for lost overtime and $100,000 in compensatory, emotional distress damages. On December 20, 2012, after awarding attorney fees in the amount of $269,819.50 and costs in the amount of $2,992.05, the trial court entered judgment and issued a final, appealable order.

{¶10} On January 18, 2013, appellant filed this timely appeal, raising nine assignments of error for review. We address appellant's assignments of error out of order for the purposes of judicial clarity.

## II. Law and Analysis

### A. Service

**{¶11}** In its first assignment of error, appellant argues that the trial court erred in failing to dismiss Campolieti's complaint for failure to obtain service of process.

**{¶12}** "Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Rokakis v. Estate of Thomas*, 8th Dist. Cuyahoga No. 89944, 2008-Ohio-5147, ¶ 11. "It is not necessary that service be attempted through the most likely means of success * * *; it is sufficient that the method adopted be 'reasonably calculated' to reach its intended recipient." *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). Under Civ.R. 4.2(N), a municipal corporation must be served "by serving the officer responsible for the administration of the office, department, agency, authority, institution, or unit or by serving the city solicitor or comparable legal officer."

**{¶13}** Here, Campolieti does not dispute the fact that he did not serve his complaint on Martin L. Flask, the "officer responsible for the administration" of the Cleveland Department of Public Safety. Thus, the issue before this court pertains to whether Campolieti properly served "the city solicitor or a comparable legal officer."

**{¶14}** The record in this case discloses that Campolieti addressed his complaint to "Theodora M. Monegan, Chief Assistant Director of Law," at 601 Lakeside Avenue, Room 106, Cleveland, Ohio, 44114. While appellant concedes that service on the city's then law director, Robert Triozzi, would have complied with Civ.R. 4.2(N), appellant contends that service on the chief assistant director of law was insufficient. Thus, appellant argues that the trial court erred in not dismissing Campolieti's complaint

because he failed to comply with the distinct requirements of Civ.R. 4.2(N) because "he never requested, let alone obtained, service of process upon Law Director Triozzi, the only 'comparable legal officer' within the city's law department to a 'city solicitor.'"

{¶15} Under the facts presented in this case, we are unable to find that the trial court erred in finding that proper service was provided in this matter. The record reflects that Ms. Monegan works directly below former Law Director Triozzi and was located at the same address and room number as former Law Director Triozzi. Further, the record demonstrates that an individual at the Department of Law at 601 Lakeside Ave., Room 106, Cleveland, Ohio, 44114, returned a signed receipt to the Clerk of Courts. Under these circumstances, we are unpersuaded by appellant's argument that service of process was insufficient in this matter based solely on the fact that the complaint was addressed to Ms. Monegan. In our view, service of process was made in a manner "reasonably calculated" to reach Law Director Triozzi, a "comparable legal officer," thereby apprising appellant of the action and affording it the opportunity to respond, which it did on January 20, 2011.

{¶16} Appellant's first assignment of error is overruled.

### B. Capacity to be Sued

{¶17} In its second assignment of error, appellant argues that Campolieti's complaint failed to state a claim on which relief can be granted because appellant is not a legal entity capable of being sued. Thus, appellant contends the trial court entered a void judgment.

**{¶18}** This assignment of error is not well taken. At all times, the proper defendant — the city of Cleveland — was adequately represented by the city attorney. As such, any deficiency in plaintiff 's complaint was purely technical and did not prejudice appellants. *See Fields v. Dailey*, 68 Ohio App.3d 33, 587 N.E.2d 400 (10th Dist.1990), ¶ 45. To the extent a party claims any party lacks the legal capacity to be sued, such matter must be raised in the party's answer by specific negative averment. Civ.R. 9(A). In the case at bar, appellant's answer did not include any allegation concerning its capacity to be sued. That is, the answer is devoid of any specific negative averment, as required under Civ.R. 9(A). We therefore find that appellant waived the defense of lack of capacity. *See Mousa v. Mt. Carmel Health Sys.,* 10th Dist. Franklin No. 12AP-737, 2013-Ohio-2661, ¶ 13*; Wanamaker v. Davis*, 2d Dist. Greene No. 2005-CA-151, 2007-Ohio-4340, ¶ 43 ("The defense of lack of capacity to sue is typically waived when an answer only contains a general denial and when the defense is not raised by specific negative averment"). Appellant's failure to aver its lack of legal capacity supports the trial court's decision to deny appellant's Civ.R. 50(A) motion.

**{¶19}** Appellant's second assignment of error is overruled.

### C. Exhaustion of Available Remedies

**{¶20}** In its third assignment of error, appellant argues the trial court erred in not directing a verdict in its favor based on Campolieti's failure to exhaust an available administrative remedy under the applicable collective bargaining agreement.

**{¶21}** In *Campolieti I*, this court addressed this argument and concluded that Campolieti was not required to exhaust all administrative remedies contained in the CBA because statutory rights are different from any contractual rights he may have under his collective-bargaining agreement. This court explained:

> [W]hile [Campolieti's] contractual rights are subject solely to the collective-bargaining agreement, his statutory rights are not. Further, "[a]ny agreement in a collective bargaining agreement to arbitrate a statutory claim * * * must be 'clear and unmistakable.'"
>
> * * * "[A]n employee or employee's agent who bargains with an employer relinquishes certain rights to obtain other benefits. Therefore, an employee who has entered into an employment contract may give up the right to immediately file a civil action for discrimination in a court and instead agree to appeal to a civil service commission or other administrative agency." The CBA in this case did not encompass the relinquishment of this right. There is no reference in the CBA to discrimination claims, but only grievances generally. There is no provision to appeal a discrimination claim to "the civil service commission or other administrative agency." The strong policy of remedying discrimination in its many forms, evidenced by the Ohio legislature's bestowing a private right of action, should not be abrogated by contract without clear evidence of intent by the parties.

(Citations omitted.) *Id.* at ¶ 21-22.

**{¶22}** Based on our resolution of this issue in *Campolieti I*, appellant's third assignment of error is overruled.

### D. R.C. 4112.14(A)

**{¶23}** In its fourth assignment of error, appellant argues that the trial court erred in failing to conclude that Campolieti's complaint should be dismissed for failure to state a claim on which relief can be granted because one cannot pursue a claim under R.C.

4112.14 unless the individual is not hired or is improperly discharged based on his or her age.

**{¶24}** R.C. 4112.14(A) states,

No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

**{¶25}** Here, appellant maintains that the lateral transfer to a vacant lieutenant position in the FIU was not a "job opening" for the purposes of R.C. 4112.14(A). We find no merit to appellant's narrow interpretation of the statute. Although characterized as a lateral transfer, we find that the vacant lieutenant position in the FIU constituted a "job opening," and therefore Campolieti was entitled to pursue a claim under R.C. 4112.14(A).

**{¶26}** Appellant's fourth assignment of error is overruled.

### E. Campolieti's Age Discrimination Claim

**{¶27}** In its sixth assignment of error, appellant argues the trial court erred in concluding that it illegally discriminated against Campolieti based on his age.

**{¶28}** Under Ohio law, a prima facie case of age discrimination may be proven either directly or indirectly. An employee "may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." *Hoyt v. Nationwide Mut. Ins. Co.*, 10th Dist. Franklin No. 04AP-941, 2005-Ohio-6367, ¶ 58, quoting *Mauzy v.*

*Kelly Servs., Inc.*, 75 Ohio St.3d 578, 664 N.E.2d 1272 (1996), paragraph one of the syllabus.

> Once a plaintiff succeeds in establishing a prima facie case of discrimination, the burden shifts to the employer to rebut the presumption of discrimination by articulating some legitimate, nondiscriminatory reason for its adverse action. Then, assuming the employer presents such reasons, the burden shifts back to the plaintiff to show that the purported reasons were a pretext for invidious discrimination.

*Cittadini v. S.W. Gen. Health Sys.*, 8th Dist. Cuyahoga No. 96254, 2011-Ohio-6464, ¶ 17.

To succeed in sustaining the ultimate burden of proving intentional discrimination, a plaintiff may establish a pretext either directly, by showing that the employer was more likely motivated by a discriminatory reason, or indirectly, by showing that the employer's proffered reason is unworthy of credence. *Pattison v. W.W. Grainger, Inc.*, 8th Dist. Cuyahoga No. 93648, 2010-Ohio-2484, ¶ 25.

**{¶29}** In the case at hand, appellant does not dispute the trial court's determination that Campolieti established a prima facie case of age discrimination. Instead, appellant argues it had a legitimate, nondiscriminatory basis for its decision to deny Campolieti the FIU lieutenant position and that the basis of its decision was not pretextual.

**{¶30}** In reviewing a trial court's judgment after a bench trial, we are "guided by the presumption that the trial court's findings are correct." *Castlebrook Apts. v. Ballard*, 2d Dist. Montgomery No. 22421, 2008-Ohio-4633, ¶ 13. We also may not substitute our judgment for that of the trial court where there is "competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." *Id.* "A reviewing court should not reverse a decision simply because it holds a different

opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Gevedon v. Ivey*, 172 Ohio App.3d 567, 579, 2007-Ohio-2970, 876 N.E.2d 604 (2d Dist.), ¶ 54, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264.

**{¶31}** After reviewing the evidence and the trial court's decision, we find no error in the application of the law. Relevant to appellant's argument is CBA Article VI(A)(6), which states, in pertinent part, "Where special training is required, employees must have at least five (5) years to use such special training." To justify its nondiscrimantory basis for not awarding Campolieti the FIU lieutenant position, appellant relies on Article VI(A)(6) of the CBA in conjunction with CCO 135.07, which states that firefighters and police officers who are 65 years of age or older are to be honorably retired, subject to a year-by-year employment extension on written request of the Chief of Fire and approval from the Public Safety Director and City Council. With these provisions in mind, appellant argues that the decision not to award Campolieti the FIU lieutenant position was a "business judgment" based on Chief Stubbs's belief that firefighters such as Campolieti, age 64 at the time of the request, would not receive the required year-by-year extensions under CCO 135.07 in the future, and thus would be unable to fulfill the five-year requirement contemplated in CBA, Article VI(A)(6).

**{¶32}** In our view, the trial court did not err in finding that appellant failed to present a legitimate, nondiscriminatory basis for its decision. As this court previously

stated, "the only practical situation where these convoluted provisions act to bar a transfer or promotion are based on age." Under the plain language of CCO 135.07, Campolieti would have been eligible for a year-to-year employment extension, and theoretically could have used his specialized training for a period exceeding five years. We recognize the difficult position Chief Stubbs was in at the time he made his decision to deny Campolieti's transfer request, given the external pressure he was facing to employ younger firemen. Nevertheless, the manner in which Chief Stubbs relied on CCO 135.07 to deny Campolieti a more desirable position did not equate to a reasonable business judgment, but was instead based on Campolieti's age, in violation of Ohio anti-discrimination statutes, including R.C. 4112.14.

{¶33} Moreover, even if appellant had established a legitimate, nondiscrimantory business reason for not awarding Campolieti the FIU lieutenant position, the testimony presented at trial demonstrates that those reasons were mere pretext for age discrimination.

{¶34} As stated, appellant relied on the five-year requirement set forth in the CBA in conjunction with the honorable retirement provision addressed in CCO 135.07. However, Chief Stubbs testified that as of May 2006, all requests for employment extensions by CFD employees age 65 and older had been granted. Further, Chief Stubbs stated that all requests for extensions by CFD employees 65 or older continued to be granted through the date of trial, with the exception of employees who had been injured and were unable to fulfill their job responsibilities. Finally, Chief Stubbs admitted that

there is no guarantee that anyone will stay in a specialized position, such as the FIU, for five years and that numerous employees in the past had not stayed in the FIU for five years, or even three years. In fact, Christopher Posante, the person who received the FIU lieutenant position over Campolieti, remained in the position for only 18 months after he graduated from the police academy. Under these circumstances, we find that the trial court correctly determined that appellant's stated reasons for its employment decision had no basis in fact and was unworthy of credence.

{¶35} Based on the foregoing reasons, appellant's sixth assignment of error is overruled.

## F. Damages

{¶36} In its fifth assignment of error, appellant argues that the trial court erred in granting Campolieti back pay and compensatory damages. Generally, an appellate court applies an abuse of discretion standard when reviewing a trial court's award of damages. *Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996). However, "[a]n appellate court applies a de novo standard of review of a lower court's interpretation and application of a statute." *Siegfried v. Farmers Ins. of Columbus, Inc.*, 187 Ohio App.3d 710, 2010-Ohio-1173, 933 N.E.2d 815, ¶ 11 (9th Dist.).

{¶37} There are four separate statutes that provide remedies for age discrimination in R.C. Chapter 4112. First, R.C. 4112.02(N) awards "any legal or equitable relief that

will effectuate the individual's rights."   Second, on proof of an unlawful discriminatory practice, R.C. 4112.05(G) provides that the Ohio Civil Rights Commission shall issue

> an order requiring the respondent to cease and desist from the unlawful discriminatory practice, requiring the respondent to take any further affirmative or other action that will effectuate the purposes of [R.C. Chapter 4112], including, but not limited to, hiring, reinstatement, or upgrading of employees with or without back pay, * * * and requiring the respondent to report to the commission the manner of compliance.

Third, R.C. 4112.14(B) provides that if an employer has discriminated against an employee on the basis of age, the court shall order

> an appropriate remedy which shall include reimbursement to the applicant or employee for the costs, including reasonable attorney's fees, of the action, or to reinstate the employee in the employee's former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action.

Fourth, R.C. 4112.99 makes violators of R.C. Chapter 4112 "subject to a civil action for damages, injunctive relief, or any other appropriate relief."

{¶38} Thus, both R.C. 4112.02(N) and 4112.99 have broad language regarding the relief available.   "Damages, absent a restrictive modifier like 'compensatory,' 'actual,' 'consequential,' or 'punitive,' is an inclusive term embracing the panoply of legally recognized pecuniary relief."   *Rice v. CertainTeed Corp*., 84 Ohio St.3d 417, 419, 1999-Ohio-361, 704 N.E.2d 1217. Similarly, "legal relief," as stated in R.C. 4112.02(N), means a remedy available in a court of law, i.e., damages.  *Leininger v. Pioneer Natl. Latex*, 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36.   Even though R.C. 4112.05

and 4112.14 provide more specific forms of relief, the intent is to put the plaintiff in the same position as if the unlawful discriminatory practice had not occurred. *Id*.

**{¶39}** In the case at hand, Campolieti pursued his age discrimination claim under R.C. 4112.14 and 4112.99. With respect to damages, Campolieti alleged in his complaint that he was entitled to damages against the appellant pursuant to R.C. 4112.99.

**{¶40}** Within this assignment of error, appellant maintains the broad range of remedies delineated under R.C. 4112.99 are not applicable to the instant matter. Specifically, appellant contends that Campolieti is limited to the relief available under R.C. 4112.14(B) because the specific provisions of R.C. 4112.14 must prevail over the more general provisions of R.C. 4112.99. In contrast, Campolieti argues that the trial court was entitled to award the full spectrum of remedies available under R.C. 4112.99, pursuant to the Ohio Supreme Court's decision in *Leininger*.

**{¶41}** In *Leininger*, the Ohio Supreme Court examined the statutory remedies available under Chapter 4112 of the Ohio Revised Code in order to determine whether the jeopardy element, a prerequisite for recognizing a common law public policy claim for wrongful discharge, was met for a claim based on age discrimination. The focus of the court's inquiry was whether the statutory remedies for employment-related age discrimination "adequately protect society's interest by discouraging the wrongful conduct, and thus render a public policy wrongful discharge claim unnecessary." *Id*. at ¶ 27. In deciding that question, the court first discussed the remedy provisions of R.C. 4112.02(N), 4112.05(G), 4112.14, and 4112.99. The court then proceeded to address

Leininger's argument that it should consider only the remedies in R.C. 4112.14 because it is a more specific statute regarding age discrimination that prevails over the more general provisions of R.C. 4112.02 and 4112.99. *Id*. at ¶ 31. However, before considering this issue, the court remarked in footnote 4 of the opinion:

> Although R.C. 4112.14 was the only statutory claim available to Leininger at the time she filed her complaint due to the expiration of the statute of limitations for claims under R.C. 4112.02 and 4112.05, this fact does not justify limiting our examination of the available remedies under the chapter as a whole. In determining whether a common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination should be recognized, we need to look at all the remedies available to a plaintiff at the time the claim accrued.

Thereafter, the court's discussion in the text of the opinion continued, stating:

> We reject this argument. R.C. 4112.08 requires a liberal construction of R.C. Chapter 4112. Although R.C. 4112.02(N), 4112.08, and 4112.14(B) all require a plaintiff to elect under which statute (R.C. 4112.02, 4112.05, or 4112.14) a claim for age discrimination will be pursued, when an age discrimination claim accrues, a plaintiff may choose from the full spectrum of remedies available. Leininger's argument also does not take into account the scope of R.C. 4112.99's remedies. In *Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991), we stated that R.C. 4112.99 provides an independent civil action to seek redress for any form of discrimination identified in the chapter. *Id*. at 136. A violation of R.C. 4112.14 (formerly R.C. 4101.17), therefore, can also support a claim for damages, injunctive relief, or any other appropriate relief under R.C. 4112.99. This fourth avenue of relief is not subject to the election of remedies.

{¶42} In *Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, the Ohio Supreme Court attempted to clarify the meaning behind its statements in *Leininger,* stating:

> The foregoing discussion in *Leininger* must be understood within its context. Of particular importance to that understanding is the statement

within footnote 4 of *Leininger* explaining that this court was looking "at all the remedies available to a plaintiff *at the time the claim accrued*." (Emphasis sic.) *Id*. at ¶ 31, fn. 4. Notably, "when an age discrimination claim accrues," no statute of limitations has yet expired, and therefore an age-discrimination plaintiff at that time potentially can seek "the full spectrum of remedies available" under R.C. Chapter 4112, as the quoted passage of ¶ 31 of *Leininger* noted. * * * Therefore, a plaintiff who within 180 days files an age-discrimination claim in common pleas court under R.C. 4112.99 preserves the opportunity to pursue all remedies specifically delineated within the chapter. *However, as we have explained above, the source of those remedies for age discrimination is the substantive provisions of R.C. 4112.02 and 4112.14; it is not R.C. 4112.99,* even though a plaintiff can file under that statute.

(Emphasis added.) *Id*. at ¶ 38.

**{¶43}** Thus, while the Ohio Supreme Court stated in *Leininger* that the full remedies provided under R.C. Chapter 4112 are available "at the time an age discrimination claim accrues," the court emphasized in *Meyers* that "all age discrimination employment related claims must be governed by the specific statutory directives of R.C. Chapter 4112, and *Leininger* should not be read as indicating otherwise." *Meyers* at ¶ 40. As the court explained, "[t]o read *Leininger* out of context * * * elevates R.C. 4112.99 beyond its possible reach for age discrimination claims, and makes irrelevant the specific age discrimination statutes in R.C. Chapter 4112.14." *Id*. This is because "R.C. 4112.99 continues to function as a gap filler" and, "as was true prior to R.C. 4112.14's incorporation into R.C. Chapter 4112, R.C. 4112.99 plays no specific role as to age discrimination claims." *Id.* at ¶ 29; *see also McCormik v. AIM Leasing Co.,* N.D. Ohio No. 4:11CV01524, 2012 U.S. Dist. LEXIS 164937, *9-10 (Nov. 19, 2012) ("Because age discrimination claims are specifically addressed in R.C. Chapter

4112, it necessarily follows * * * that age discrimination claims are not governed by the general gap filling provisions of R.C. 4112.99. Rather they are covered by statutes in R.C. Chapter 4112 that are specific to age discrimination").

**{¶44}** Based on the clarifying statements made by the Ohio Supreme Court in *Meyers*, we reject Campolieti's broad interpretation of *Leininger*. Accordingly, we conclude that the trial court erred in relying on R.C. 4112.99 in awarding damages in this matter and that Campolieti is limited to the relief provided under R.C. 4112.14(B). Thus, we vacate the trial court's award of damages and remand for the trial court to determine the appropriate remedies permitted under R.C. 4112.14(B), which greatly restricts the remedies available to Campolieti. We note that such an award shall not include compensatory damages. *See Anders v. Dolgencorp, L.L.C.*, N.D. Ohio No. 5:11CV2098, 2011 U.S. Dist. LEXIS 145718, *10 (Dec. 19, 2011).

**{¶45}** Appellant's fifth assignment of error is sustained.

**{¶46}** Based on our resolution in appellant's fifth assignment of error, we find the arguments raised in appellant's seventh, eighth, and ninth assignments of error to be moot.

**{¶47}** Judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR