[Cite as *Ohnstad v. Bruce & Mary Ann Erickson Found.*, 2026-Ohio-810.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARIE OHNSTAD, Administrator of the Estate of Daniel Vincent Ohnstad, | : | APPEAL NOS. C-240714 |
| | | C-250239 |
| and | : | TRIAL NO. A-2300839 |
| | : | |
| MARIE OHNSTAD, | : | |
| Plaintiffs-Appellants, | : | *JUDGMENT ENTRY* |
| | : | |
| vs. | : | |
| | : | |
| BRUCE AND MARY ANN ERICKSON FOUNDATION, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| SUSAN ERICKSON, Executor of the Estate of Mark Bruce Erickson, et al., | : | |
| Defendants. | : | |
| | : | |

This cause was heard upon the appeals, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded in the appeal numbered C-240714, and the appeal numbered C-250239 is dismissed.

Further, the court holds that there were reasonable grounds for these appeals, allows no penalty, and orders that costs be taxed to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

## OHIO FIRST DISTRICT COURT OF APPEALS

**To the clerk:**

**Enter upon the journal of the court on 3/11/2026 per order of the court.**


**By:**_____
        **Administrative Judge**

[Cite as *Ohnstad v. Bruce & Mary Ann Erickson Found.*, 2026-Ohio-810.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARIE OHNSTAD, Administrator of the Estate of Daniel Vincent Ohnstad, | : | APPEAL NOS. C-240714 C-250239 |
| and | : | TRIAL NO. A-2300839 |
| MARIE OHNSTAD, | : | |
| Plaintiffs-Appellants, | : | *O P I N I O N* |
| vs. | : | |
| BRUCE AND MARY ANN ERICKSON FOUNDATION, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| SUSAN ERICKSON, Executor of the Estate of Mark Bruce Erickson, et al., | : | |
| Defendants. | : | |
| | : | |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Reversed and Cause Remanded in C-240714; Appeal Dismissed in C-250239

Date of Judgment Entry on Appeal: March 11, 2026

*Thomas Law Offices, PLLC,* and *Louis C. Schneider*, for Plaintiffs-Appellants,

*Paul Croushore,* for Defendant-Appellee.

**BOCK, Judge.**

**{¶1}** In this wrongful-death action, we consider whether the plaintiffs' attempted service on a trust was sufficient to perfect service. We hold that it was.

**{¶2}** Mark Bruce Erickson, who was driving the wrong way on a highway, crashed into Daniel Vincent Ohnstad's car. Both men died from their injuries. Plaintiff-appellant Marie Ohnstad, individually and as the administrator of Daniel's[1] estate, sued Mark's estate and defendant-appellee "Bruce and Mary Ann Erickson Foundation" ("the Trust"). The Trust moved to dismiss the complaint against it, arguing that it was never properly served. After converting the motion to one for summary judgment, the trial court granted summary judgment in favor of the Trust.

**{¶3}** On appeal, Marie challenges the summary judgment in the Trust's favor and the trial court's denial of her motion for relief from that judgment.

**{¶4}** We reverse the summary judgment. First, while the Trust now argues that trusts lack the capacity to be sued, the Trust failed to assert a lack-of-capacity defense in its answer and therefore waived the defense. Second, Marie properly perfected service on the Trust, so it did not establish its entitlement to judgment as a matter of law.

**{¶5}** We sustain Marie's first assignment of error, do not address her second assignment of error as moot, dismiss the appeal numbered C-250239, reverse the trial court's summary judgment, and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

**{¶6}** In February 2022, Daniel was driving southbound in the southbound lane of a highway in Wisconsin. Mark was also driving in the southbound lane of the

---

[1] Several people involved in this case share surnames, so we refer to individuals by their first names. All references to Marie include Marie individually and as administrator of Daniel Ohnstad's estate.

highway, but he was driving north—the wrong direction—and collided with Daniel's vehicle. Both drivers were killed in the crash.

### A. Marie sued the Trust

**{¶7}** In February 2023, Marie, as the administrator of Daniel's estate, sued Susan Erickson as executor of Mark's estate, the Marine Team LLC, and the Trust for negligence, wrongful death, and loss of consortium. The complaint alleged the Trust was a nonprofit foundation.

**{¶8}** On March 23, 2023, Marie filed an amended complaint, which alleged the same causes of action against the same defendants. From January through March 2024, she made numerous written requests for service of the amended complaint on the Trust. Relevant here, on March 13, 2024, less than one year after Marie filed the amended complaint, Marie sent a certified-mail envelope containing the amended complaint to:

> BRUCE AND MARY ANN ERICKSON FOUNDATION
> Attn: Scott F. Erickson
> 31871 Lakeway Dr. NE
> Cambridge Mn 55008

**{¶9}** A United States Postal Service "Electronic Certified Mail Service Return" showed that on March 13, 2024, "Scott F. Erickson" signed for the amended complaint in Naples, Florida. That certified-mail return was filed five days later, within the one-year period after Marie filed her amended complaint.

**{¶10}** The Trust answered the amended complaint. The answer was captioned, "ANSWER OF BRENT W. ERICKSON AND SCOTT F. ERICKSON, SUCCESSOR TRUSTEES OF THE TRUST KNOWN AS THE "BRUCE &MARY ANN ERICKSON FAMILY FOUNDATION.""

**{¶11}** The Trust's third affirmative defense stated, "The process which the

5

Plaintiffs requested and had issued to 'Bruce and Mary Ann Erickson Foundation' at '[street name and number], Cincinnati, OH 45247' was insufficient as to this Defendant." Its fourth affirmative defense stated, "The service of process on 'Bruce and Mary Ann Erickson Foundation', at '[street name and number], Cincinnati, OH 45247', and signed for by 'S. Erickson' or 'Sue Erickson' was insufficient as to this Defendant." The Trust's answer did not specifically assert that the Trust lacked the capacity to be sued.

**B. The Trust moved to dismiss based on failure of service**

{¶12} In April 2024, the Trust moved to dismiss Marie's claims against it, asserting insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, failure to commence, and that the complaint was barred by the statute of limitations. The Trust supported its motion with Brent's, Scott's, and Susan's affidavits.

{¶13} Brent's and Scott's affidavits stated that their parents, Bruce and Mary Ann Erickson, had created the Trust, an irrevocable charitable trust governed by the laws of Wisconsin. Later, Brent, Scott, and Mark became cotrustees. After Mark died in February 2022, no one replaced him as trustee. When Marie sued the Trust, Brent and Scott were the only trustees of the Trust.

{¶14} Scott claimed that he signed for the certified mail envelope containing the amended complaint on March 13, 2024, because he saw "Attn. Scott F. Erickson" on the envelope, but he asserts that he signed the return "individually and not in my capacity as a Successor Trustee, as shown by my signature with no fiduciary designation indicated."

{¶15} The trial court converted the Trust's motion to dismiss into a motion for summary judgment by agreement of the parties.

6

**{¶16}** Marie opposed the Trust's motion. She argued that she had properly served the Trust through Scott. Marie referred to Susan's, Scott's, and Erik's deposition testimony, explaining that because she had just recently deposed the three Ericksons, she had not obtained full transcripts and would supplement the record with them later. The Trust's reply argued that Marie failed to produce any evidence in opposition to its summary-judgment motion. In October 2024, Marie filed Susan's, Scott's, and Erik's depositions.

### C. The trial court granted the Trust summary judgment

**{¶17}** The trial court granted the Trust's motion, ruling that Marie had not produced any evidence in opposition to summary judgment. It determined that because the complaint named the Trust "Bruce and Mary Ann Erickson Foundation," rather than "Bruce and Mary Ann Erickson Family Foundation," Marie had failed to name the proper party. Finally, the trial court determined that Marie's service on Susan was not sufficient to serve the Trust. The trial court did not address Marie's service addressed to Scott, which he signed in March 2024. The trial court's order included a Civ.R. 54(B) certification that there was no just cause for delay.

**{¶18}** Marie moved for relief from judgment under Civ.R. 60(B)(1), (3), and (5). Before the trial court ruled on Marie's Civ.R. 60(B) motion, Marie appealed the trial court's summary-judgment entry. This court issued a limited remand for the trial court to rule on the Civ.R. 60(B) motion. The trial court denied Marie's motion. Marie filed a second notice of appeal. This court consolidated the appeals.

**ANALYSIS**

**{¶19}** On appeal, Marie raises two assignments of error. First, she challenges the trial court's summary judgment in the Trust's favor. Second, she argues that the trial court abused its discretion by denying her motion for relief from judgment.

### First Assignment of Error

**{¶20}** Marie argues that the trial court erred by granting summary judgment to the Trust. She asserts that (1) she properly served the Trust; (2) the trial court erred by not considering the deposition transcripts and evidence that she submitted after she filed her memorandum in opposition to the Trust's motion to dismiss; and (3) the trial court erred by not allowing her to file a second amended complaint. Because we hold that Marie properly served the Trust, and the Trust was not entitled to judgment as a matter of law, we do not reach Marie's second and third arguments.

### A. Standard of review

**{¶21}** The Trust argues that this court must review whether the trial court erred by finding service was improper for an abuse of discretion. But as noted above, the trial court converted the Trust's motion to dismiss into a summary-judgment motion. Accordingly, we review the trial court's judgment de novo. *Branson v. Fifth Third Bank, N.A.*, 2025-Ohio-4396, ¶ 28 (1st Dist.).[2]

**{¶22}** Trial courts shall grant summary judgment if "(1) there are no genuine issues of material fact, (2) the movant is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in the nonmovant's favor, reasonable minds can come to one conclusion, and that conclusion is adverse to the nonmovant." *Id.* at ¶ 29, citing Civ.R. 56(C).

**{¶23}** The party seeking summary judgment bears the initial burden to explain the basis for granting summary judgment by pointing to admissible evidence in the record demonstrating that no genuine issue of material fact exists on the essential

---

[2] Had we reviewed the trial court's judgment for an abuse of discretion, the outcome would not have changed because under any standard of review, the trial court's judgment that Marie failed to perfect service on the Trust constitutes reversible error.

elements of the nonmoving party's claims. *Weckel v. Cole + Russell Architects, Inc.*, 2024-Ohio-5111, ¶ 34 (1st Dist.), quoting *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the movant meets this burden, the burden shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶24} We note that the trial court below and the Trust on appeal point to Marie's failure to produce evidence opposing the Trust's summary-judgment motion as failing to identify disputed issues of material fact. But Scott's affidavit supporting the Trust's summary-judgment motion established that he signed for certified mail service in March 2024. When evidence already in the record defeats summary judgment, the nonmoving party need not submit additional materials in opposition to the summary-judgment motion.

### B. Service rules

{¶25} Initially, both parties cite Ohio and Wisconsin law governing service of process and the timeframe in which to commence an action. But "[t]he local law of the forum determines the method of serving process and of giving notice of the proceeding to the defendant." Restatement of the Law, 2d, Conflicts of Law, § 126 (1971); *see Griffith v. MacAllister Rental, LLC*, 2021-Ohio-1800, ¶ 8 (1st Dist.) ("Ohio has adopted the Restatement of the Law 2d, Conflict of Laws (1971), 'in its entirety.'"). Ohio's rules involving service control our analysis.

{¶26} Further, the Trust itself states that "[t]here is no conflict of laws problem here because the outcome is the same under both Ohio and Wisconsin law." Because neither party advances a conflicts-of-law argument, we presume that Ohio law controls. *Henry Contrs., Inc. v. Heidlage*, 2025-Ohio-5832, ¶ 17 (1st Dist.).

### 1. Statute of limitations, commencement, and service

{¶27} Marie's complaint against the Trust asserted claims for negligence,

9

wrongful death, and loss of consortium.

**{¶28}** An action for bodily injury must be commenced within two years from the date the cause of action accrues. R.C. 2305.10(A). A wrongful-death action must be brought within two years after the decedent's death. R.C. 2125.02(F)(1). A loss-of-consortium claim is subject to a four-year statute of limitations. R.C. 2305.09(D).

**{¶29}** Ohio's service-of-process rules are controlled by the Ohio Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Hunt v. Alderman*, 2025-Ohio-2944, ¶ 12.

**{¶30}** Under Civ.R. 3(A), a party "commences" a civil action by filing a complaint and perfecting service of that complaint on the defendants (including incorrectly-named defendants) within one year of the complaint's filing date. As such, to comply with the statute of limitations, plaintiffs must both (1) file their complaints within the statutory limitations period, and (2) obtain service within one year of that filing. *Liles v. Sporing,* 2025-Ohio-626, ¶ 11 (1st Dist.). A plaintiff's failure to commence an action within the statute-of-limitations period subjects the action to dismissal with prejudice. *Id.* at ¶ 44.

**{¶31}** Civ.R. 4.3, which governs out-of-state service methods, provides that service may be perfected "in the same manner as provided in Civ.R. 4.1 (A)(1) through Civ.R. 4.1 (A)(3)." Civ.R. 4.3(B)(1). Relevant here, Civ.R. 4.1(A)(1)(a) allows service by certified mail, which is "[e]videnced by return receipt signed by any person accepting delivery."

**{¶32}** While Civ.R. 4.1(A)(1)(a) explains "'how service shall be made,'" the rule does not prescribe "'where, or to whom[,] process may be served.'" *Alderman*, 2025-Ohio-2944, at ¶ 13. The *Alderman* Court held that the Due Process Clause fills in Civ.R. 4.1's gaps and requires that "'notice [be] reasonably calculated, under all the

10

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at ¶ 14. Accordingly, we must determine whether service on Scott was reasonably calculated to apprise the Trust of the pendency of the action.

### 2. Marie perfected service on the Trust

**{¶33}** The Trust argues that Marie's service attempt addressed to Susan was not sufficient. The Trust presented uncontroverted evidence that Susan was not a trustee of the Trust and that the Trust did no business at her residence. As such, the Trust maintains, service on Susan was not "reasonably calculated" to apprise the Trust of the pendency of the action. But we need not determine whether the service directed to Susan was sufficient because we hold that Marie perfected service on the Trust through Scott.

**{¶34}** The Trust acknowledges that a plaintiff's filing an amended complaint within the statute-of-limitations period restarts Civ.R. 3(A)'s one-year deadline for service, but it argues that service on the Trust was insufficient for other reasons. It does not develop any argument asserting that Ohnstad's attempted service on Scott in March 2024 was untimely. Therefore, there is no dispute that Marie's March 2024 service on Scott, if otherwise proper, was sufficient to comply with the statute of limitations and Civ.R. 3(A). *See Kraus v. Maurer*, 2004-Ohio-748, ¶ 26 (8th Dist.) (filing an amended complaint within the statutory limitations period resets the Civ.R. 3(A) one-year clock).

#### a. Service on a trustee was sufficient to serve the Trust

**{¶35}** Service on a trust is proper when a complaint is served on a current trustee of the trust. *See Bank of New York v. Bartmas Family Trust*, 2005-Ohio-6099, ¶ 11 (10th Dist.).

**{¶36}** Marie attempted, via certified mail, to serve the Trust through its two trustees, Scott and Brent. Brent did not sign for a certified-mail envelope containing the amended complaint. But a March 18, 2024 trial court filing is a document bearing the United States Postal Service's logo. The top right corner of the document says:

> ELECTRONIC CERTIFIED MAIL SERVICE RETURN
> SUMMONS & AMENDED COMPLAINT
> A 2300839 _D3_
> BRUCE AND MARY ANN ERICKSON FOUNDATION
> FILED: 03/18/2024 6:56:01

**{¶37}** The certified mail service return is addressed to "Hamilton County Clerk of Courts" and reads, "The following is the delivery information for Certified Mail™ item number [20-digit number]. Our records indicate that this item was delivered on 3/13/24 at 10:32 a.m. in NAPLES FL 34102." Next, the document shows the "Signature of Recipient":



**{¶38}** The evidence in the record is clear that Marie served the Trust through its trustee, Scott, within one year of her filing the amended complaint.

### b. Service on Scott in any capacity was sufficient

**{¶39}** In an affidavit, Scott confirmed that he signed for the certified-mail envelope containing the amended complaint and summons. But he asserted that he "signed the Certified Mail Service individually and not in my capacity as a Successor Trustee, as shown by my signature with no fiduciary designation indicated." And the Trust argues that Marie did not perfect service on the Trust because Scott did not sign in his capacity as trustee. The Trust's argument fails.

**{¶40}** Under Civ.R. 4.1(A)(1)(a), a party may serve a complaint via certified mail "evidenced by return receipt signed by ***any person accepting delivery***." (Emphasis added.) The *Alderman* Court explained that whether service on a particular person is sufficient under Civ.R. 4.1 turns on whether service on that person was "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Alderman*, 2025-Ohio-2944, at ¶ 14. In other words, service via certified mail need not be signed by the defendant, so long as the person or place served is reasonably calculated to apprise the defendant of the action.

**{¶41}** We reject the Trust's contention that a trustee can elect in what capacity a trustee signs for service. Such a rule would permit trustees to completely avoid certified-mail service of lawsuits by simply asserting they accepted service in their individual capacity. The Trust identifies no authority permitting trustees to elect in what capacity they sign for service of complaints. This is not surprising, as such a rule would run contrary to the plain language contained in Civ.R. 4.1(A)(1)(a).

**{¶42}** Moreover, Marie addressed the certified mail containing the amended complaint and summons to the Trust. The second line specified, "Attn: Scott Erickson." The service was clearly directed to the Trust and Scott, a trustee.

**{¶43}** Service on Scott, whether in his "individual capacity" or as trustee of the Trust, was sufficient to comply with Civ.R. 4.1(A)(1)(a). Even if Scott had explicitly signed the receipt in his individual capacity, it was undisputed that he was a cotrustee for the Trust. Accordingly, serving him was reasonably calculated to apprise the Trust of the pendency of the lawsuit.

### c. A complaint's incorrectly naming a defendant does not affect service

**{¶44}** The trial court found that because Marie omitted "Family" from "Bruce and Mary Ann Erickson Family Foundation" in the amended complaint, Marie failed to perfect service on the Trust. This is incorrect for two reasons.

**{¶45}** First, the record reveals that Marie used a name commonly accepted by the Trust to refer to the Trust. Brent's affidavit stated that

> From time to time, the Trust has been referred to by the name the "Bruce and Mary Ann Erickson Foundation", without the word "Family" being incurred [sic] and that alternative version of its name has been generally accepted by the trustees and successor trustees as meaning one and the same as the Trust's proper name (i.e., the name stated in the Trust Agreement).

**{¶46}** Accordingly, it is undisputed that the Trust considers "Bruce and Mary Ann Erickson Foundation" as meaning the same as "Bruce and Mary Ann Erickson Family Foundation," its proper name designated on the trust instrument.

**{¶47}** Second, even without Scott's and Brent's affidavits, Civ.R. 3(A) provides, "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, *or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C)*." (Emphasis added.) A plaintiff may correct a defendant's name after service is perfected. So, a technical misnaming of the Trust does not affect the sufficiency of service of process on the Trust.

### d. The Trust's capacity to be sued

**{¶48}** Finally, the Trust argues that service was deficient because the

complaint named the Trust itself as the defendant, rather than Scott and Brent as trustees. It asserts that as a trust, it is not a legal entity capable of being sued or suing in its own name and instead must be sued or sue through its trustees. Therefore, it maintains, Marie served a party incapable of being sued and could not have perfected service on a nonentity.

### i. *A party must raise capacity to be sued in its answer*

{¶49} The Trust is a "charitable trust" established under the laws of Wisconsin. As this is an Ohio action, however, other than in circumstances not alleged here, Ohio law determines which parties are necessary or permitted parties to a lawsuit. *See* Restatement of the Law, 2d, Conflicts of Law, § 125, Comment a (1971) ("The local law of the forum determines such questions as whether . . . an action can be maintained by or against a partnership or whether the partners must be named as parties, and whether an unincorporated association can itself be a party to the action or whether the action must instead be maintained by or against certain specified officers of the association."); *see also Griffith*, 2021-Ohio-1800, at ¶ 8 (1st Dist.) ("Ohio has adopted the Restatement of the Law 2d, Conflict of Laws (1971), 'in its entirety.'").

{¶50} Generally, every party to a lawsuit must be a legal entity with the capacity to sue and be sued. *Love v. Hamilton Cty. Job & Family Servs.*, 2025-Ohio-2498, ¶ 15 (1st Dist.).

{¶51} Capacity to be sued, while interrelated with service of process, is distinct. *See Estate of Fleenor v. Cty. of Ottawa*, 2024-Ohio-112, ¶ 19 (6th Dist.) ("The wrongly-named party . . . has never argued that a summons was not issued and served upon it; rather, it has argued that the entity to whom the summons was issued was not capable of being sued. The appropriate affirmative defense for the County is that it is not sui juris, not that service of process has failed.").

**{¶52}** Under Civ.R. 9, a named party raising arguments involving its capacity to be sued *"shall do so by specific negative averment,* which shall include such supporting particulars as are peculiarly within the pleader's knowledge." As such, a party is required to raise its lack of capacity to be sued in its answer. *Campolieti v. Cleveland Dept. of Pub. Safety*, 2013-Ohio-5123, ¶ 18 (8th Dist.). When a party fails to specifically raise its lack of capacity to be sued in its answer to the relevant complaint, that party waives the defense. *Id.*

**{¶53}** This court recently explained that a party lacking capacity to be sued is not a proper party defendant, and an action cannot be "commenced" under Civ.R. 3 against that party, "because there is no proper defendant over whom the trial court may exercise jurisdiction, *absent waiver.*" (Emphasis added.) *Love*, 2025-Ohio-2498, at ¶ 28 (1st Dist.).

### ii. The Trust waived its capacity defense

**{¶54}** We need not determine whether the Trust is an entity capable of being sued because the Trust waived any defense involving its lack of capacity to be sued when it failed to raise the issue in its answer to the amended complaint.

**{¶55}** The Trust's affirmative defenses to Marie's amended complaint asserted that (1) the process that Marie requested and issued to the Trust at Susan's address was insufficient as to the Trust, and (2) the service of process on the Trust at Susan's address and signed for by Susan was insufficient as to the Trust.[3]

**{¶56}** But nowhere in the Trust's answer to Marie's amended complaint did the Trust specifically assert that it lacked the capacity to be sued. We hold that because

---

[3] The Trust filed its answer to the amended complaint before Marie perfected service on Scott. The Trust did not seek to amend its answer after Scott was served.

the Trust's answer lacked any specific negative averment that it lacked the capacity to be sued, it waived that defense and cannot now assert it.

{¶57} In conclusion, we hold that Marie perfected service on the Trust on March 13, 2024, the day that Scott signed for the certified-mail envelope containing the amended complaint and the summons. Moreover, because the certified-mail return was filed and made part of the record below before the Trust moved for summary judgment, and because Scott's affidavit established that he was served by certified mail on March 13, 2024, Marie did not have to produce additional evidence to demonstrate that the Trust was not entitled to summary judgment. Finally, the Trust waived any defense that it lacks the capacity to be sued.

{¶58} Because the Trust was not entitled to summary judgment, we sustain Marie's first assignment of error.

## CONCLUSION

{¶59} We sustain Marie Ohnstad's first assignment of error, reverse the trial court's judgment, and remand the cause for further proceedings in the appeal numbered C-240714. Based on our resolution of Marie's first assignment of error, her second assignment of error is moot, so we dismiss the appeal numbered C-250239.

Judgment accordingly.

ZAYAS, P.J., and CROUSE, J., concur.